COTTON MILL CO. v. TEXTILE WORKERS UNION.

(Filed 1 February, 1952.)

**1. Contempt of Court § 2b—**

Original parties who are served with summons, complaint, and temporary restraining order and order to show cause, may not contend that they had no notice of the restraining order at the time their alleged acts of contempt were committed.

**2. Trial § 14—**

A general objection to the admission in evidence of an affidavit in due form merely challenges the competency of the subject matter of the affidavit *en masse* and does not draw into issue the authority of the officer who administered the oath.

**3. Appeal and Error § 8—**

A question not raised during the trial and not presented by exceptions duly taken may not be presented for the first time in the Supreme Court on appeal.

*Robert S. Cahoon for petitioners.*

BARNHILL and JOHNSON, JJ. On petition to rehear.

We adhere to the conclusion in the original opinion on the question of jurisdiction of the State courts, *ante,* 545.

The certified copy of the record filed in this Court by respondents affirmatively discloses that the respondents are original parties defendant in this cause and that the summons, complaint, temporary restraining order, and order to show cause were served on them. Hence there is no merit in their contention they had no notice of the restraining order herein at the time their alleged acts of contempt were committed.

There is competent evidence in the record, other than the affidavits acknowledged before the assistant clerk of the recorder's court of Wake Forest, sufficient to sustain the findings of the trial judge. Even so, these affidavits were admitted in evidence, and it may be that at least one of them was considered by the court in making its finding of fact No. 8. The facts there found are substantially the facts set forth in the affidavit of Dock Carter. However, on this record, this is not sufficient to invalidate the hearing and entitle respondents to a new trial.

When a hearing is had before a Superior Court judge on affidavits and a general objection is entered to what purports to be an affidavit in due form, the objection merely challenges the competency of the subject matter of the affidavit *en masse. Grandy v. Walker, ante,* p. 734. It does not draw into issue the authority of the officer who administered the oath. If the objecting party wishes to raise this question, he must do so specifically so that the judge may rule thereon and thus afford the party injured by the ruling an opportunity to enter his exception thereto.

The record before us fails to disclose anything more than a general objection to the several affidavits acknowledged before the assistant clerk of the recorder's court of Wake Forest. It does not appear that respondents challenged her authority to administer oaths such as the one here administered, or that the trial court's attention was directed to any such contention, or that he undertook to rule thereon. The first reference to any want of authority of said assistant clerk is contained in the assignments of error.

Ours is an appellate court. We only review alleged error in the rulings of the trial court, presented by exceptions duly entered. If the question presented was not raised before and ruled upon by the trial judge, it may not be considered by us on appeal. *R. R. v. Horton,* 176 N.C. 115; *Woodard v. Clark, ante,* 215; *Leggett v. College, ante,* 595.

It follows that the question respondents have so stressfully presented on the original appeal and on this petition to rehear is not before us for consideration and decision. The affidavits are in due form and were admitted in evidence as affidavits by the trial judge. The authority of the officer who administered the oaths was not challenged. Their validity may not be attacked for the first time in this Court. *Seligson v. Klyman,* 227 N.C. 347.

The petition is denied.