LAYLA MOHAMAD, PLAINTIFF v. DOREENA SHAPIALLE SIMMONS, AND GARY SIMMONS, DEFENDANTS

No. COA99-1090

(Filed 15 August 2000)

## 1. Arbitration and Mediation— party's failure to attend—no evidence representative possessed authority to make binding decisions

The trial court did not err by concluding that defendants failed to appear at a court-ordered arbitration hearing in an automobile collision case in violation of N.C. Arbitration Rule 3(p) where defendants were not at the hearing but counsel purporting to. represent defendants was present along with an adjuster from defendants' liability insurance carrier, because even if Rule 3(p) allows appearance by counsel or a liability insurance carrier representative in lieu of the actual parties, no evidence in the record indicates that the attorney and adjuster in attendance at the arbitration hearing indeed possessed authority to make binding decisions on defendants' behalf in all matters.

## 2. Arbitration and Mediation— sanctions—authority

The trial court did not abuse its discretion by imposing the sanction of striking defendants' request for a trial de novo based on defendants' failure to participate in mandatory arbitration in a good faith and meaningful manner as required by North Carolina Arbitration Rule 3(1), because the determination that defendants violated N.C. Arb. R. 3(p) accorded the trial court the discretion to impose sanctions under N.C. Arb. R. 3(1), which in turn references N.C.G.S. § 1A-1, Rule 37(b)(2)(c) allowing the striking of pleadings, dismissal of an action or a portion thereof, and rendering judgment by default as permissible sanctions.

MOHAMAD v. SIMMONS

[139 N.C. App. 610 (2000)]

Appeal by defendants from order entered 16 April 1999 by Judge Fritz Y. Mercer in Mecklenburg County District Court. Heard in the Court of Appeals 8 June 2000.

*Law Offices of Michael A. DeMayo, L.L.P., by Frank F. Voler, for plaintiff-appellee.*

*Kenneth M. Gondek and Steven J. Colombo, for defendants-appellants.*

JOHN, Judge.

Defendants Doreena Shapialle Simmons and Gary Simmons appeal the trial court's 16 April 1999 order (the Order) allowing plaintiff Layla Mohamad's "Motion to Enforce Arbitration Award and/or Attorney Fees and Expenses" and denying defendants' "Motion for Imposition of Sanctions." We affirm.

Pertinent facts and procedural history include the following: On 10 May 1996, plaintiff and Doreena Simmons were involved in an automobile collision. Plaintiff subsequently complained of back pain and was examined by her physician and thereafter treated by a chiropractor, accumulating total bills in the amount of $1,730.00. Plaintiff subsequently filed the instant complaint 23 April 1998, alleging the negligence of Doreena Simmons proximately caused the collision and damages to plaintiff in an amount not in excess of $10,000.00.

The case was assigned to mandatory non-binding arbitration pursuant to the North Carolina Court-Ordered Arbitration Rules 1(a) and 8(a) (1999) (hereinafter N.C. Arb. R. or the Rules). *See* N.C.G.S. § 7A-37.1(b) (1999). On 17 June 1998, defendants filed answer denying negligence and demanding a jury trial. Defendants also filed a pre-arbitration submission, a motion to require prosecution bond, and an Offer of Judgment in the amount of $1,005.00.

A court ordered arbitration hearing (the hearing) was noticed for 15 December 1998. The notice recited, *inter alia*, that "[f]ailure to appear for the hearing and participate in good faith may result in an adverse award and/or sanctions." Defendants did not attend the hearing; however, counsel purporting to represent defendants was present along with an adjuster from defendants' liability insurance carrier. Plaintiff objected to the failure of the individual defendants to appear, but proceeded with the hearing without waiving or withdrawing the objection.

Following the hearing, the arbitrator awarded plaintiff $1,750.00. Defendants timely filed a request for trial *de novo*. *See* N.C. Arb. R. 5(a) ("party not in default . . . who is dissatisfied with an arbitrator's award may have a trial de novo as of right upon filing a written demand" therefor in timely manner). On 8 March 1999, plaintiff moved to enforce the arbitration award and defendants thereupon responded with a motion for imposition of sanctions pursuant to N.C.G.S. § 1A-1, Rule 11 (1999). In the Order, the trial court granted the former motion and denied the latter. Defendants appeal.

Initially, we note defendants set forth five assignments of error, but have failed to address assignments of error three and four in their appellate brief. These assignments of error are therefore deemed abandoned. *See* N.C.R. App. P. 28(b)(5) ("[a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned").

**[1]** Defendants' first two assignments of error challenge the trial court's "finding of fact" number three, which stated as follows:

3. That the named Defendants' failure to appear at the Court-Ordered Arbitration was in violation of Rule 3(p) of the North Carolina Rules for Court-Ordered Arbitration.

The foregoing "finding" is rather a conclusion of law, fully reviewable on appeal. *See Bowles Distributing Co. v. Pabst Brewing Co.*, 69 N.C. App. 341, 344, 317 S.E.2d 684, 686 (1984) (if "finding of fact is essentially a conclusion of law, . . . it will be treated [as such]" and is fully "reviewable on appeal").

N.C. Arb. R. 3(p) provides that:

*Parties must be present at hearings; Representation.* All parties shall be present at hearings in person or through representatives authorized to make binding decisions on their behalf in all matters in controversy before the arbitrator. All parties may be represented by counsel. Only individuals may appear *pro se.*

It is not disputed that the individual defendants did not attend the hearing; however, counsel purporting to represent defendants and an adjuster employed by their liability insurance carrier were present. Defendants maintain that the phrase "or through representatives authorized to make binding decisions," set out in N.C. Arb. R. 3(p), allows appearance by counsel or a liability insurance carrier representative in lieu of the actual parties.

MOHAMAD v. SIMMONS

[139 N.C. App. 610 (2000)]

However, assuming *arguendo* defendants are correct, no evidence in the instant record indicates that the attorney and adjuster in attendance at the hearing indeed possessed authority "to make binding decisions on [defendants'] behalf in all matters." *Id.* Defendants counter that the attorney-client relationship grants "inherent authority" to counsel to make binding decisions for clients, and that contracts of liability insurance similarly grant an insurer authority to make binding decisions on behalf of the insured.

In the foregoing regard, we note defendants' concession

> that the attorney-client relationship rests on the principles of agency, with the client being the principle [sic] and the attorney being the agent.

Notwithstanding, defendants assert that counsel possesses "inherent authority . . . to make binding decisions with respect to strategic and tactical matters," and extrapolate therefrom the conclusion that "defendants' appearance at the arbitration [was] unnecessary for a determination on the merits." We believe defendants' conclusion is unfounded.

First, as noted above, no documents in the record, such as defendants' contract with counsel, an affidavit setting forth the nature of the representational relationship and the authority of counsel, or defendants' policy of insurance, indicate the attorney purporting to represent defendants or the representative of their liability insurance carrier who were present at the hearing possessed *in this case* authority "to make binding decisions on [defendants'] behalf *in all matters* in controversy before the arbitrator." N.C. Arb. R. 3(p) (emphasis added). Without question, our review is based "solely upon the record on appeal," N.C.R. App. P. 9(a), and we decline to accept as part of the record herein assertions of fact in the parties' briefs which are not sustained by record evidence, *see* N.C.R. App. P. 28(b)(4) (underlying facts set out in appellate brief must be supported by "references to pages in the . . . record on appeal"), and *Hudson v. Game World, Inc.* 126 N.C. App. 139, 142, 484 S.E.2d 435, 437-38 (1997) (matters argued in brief but not contained in the record will not be considered on appeal).

Perhaps more importantly, we observe that the commentary to N.C. Arb. R. 1 indicates that the purpose of the Rules "is to create an efficient, economical alternative to traditional litigation for prompt resolution of disputes involving" relatively minor money damage claims as in the case *sub judice.* Parties are thereby provided an early

opportunity to present their contentions to a disinterested third party and obtain an impartial decision thereon in a cost-effective manner. In addition, the "alternative to traditional litigation," *id.*, serves to relieve the constantly increasing caseload of our already overburdened trial courts.

Further, N.C. Arb. R. 3(l) provides for imposition of sanctions upon a "party failing or refusing to participate in an arbitration proceeding in a good faith and meaningful manner." Such a rule only highlights the critical importance of earnest, conscientious involvement by the *parties* in the process.

We believe both the express and implied bases for the Rules would be subverted, if not completely eviscerated, if parties were allowed to disregard the mandatory attendance requirement without unequivocal evidence in the record that representatives attending on behalf of absent parties were indeed "authorized to make binding decisions on [the absent parties'] behalf in all matters in controversy before the arbitrator." N.C. Arb. R. 3(p). To conclude otherwise would simply countenance the failure to participate in mandatory arbitration "in a good faith and meaningful manner." N.C. Arb. R. 3(l).

In sum, as defendants failed to attend the hearing in person, and as no evidence in the record reflects that counsel purporting to appear on defendants' behalf or the representative of defendants' liability insurance carrier were authorized "to make binding decisions . . . in all matters" on behalf of defendants, we affirm the trial court's determination in "finding of fact" number three of the Order that defendants violated N.C. Arb. R. 3(p).

[2] Defendants next argue the trial court erred by imposing the "sanction of striking defendants' request for trial de novo." Defendants concede that the trial court's

> determination that the defendants' violated [N.C. Arb. R.] 3(p) gave [the court] the discretion to impose sanctions pursuant to [N.C. Arb. R.] 3(l).

However, defendants maintain the court's enforcement of the arbitration award implicitly deprived them of the right to a jury trial provided in N.C. Arb. R. 5(a).

N.C. Arb. R. 3(l) permits sanctions pursuant to, *inter alia*, N.C.G.S. § 1A-1, Rule 37(b)(2)(c) (1999) (Rule 37(b)(2)(c)), which allows the trial court to enter

[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Sanctions imposed under Rule 37(b)(2)(c) will not be upset on appeal in the absence of an abuse of discretion, *Hursey v. Homes By Design, Inc.*, 121 N.C. App. 175, 177, 464 S.E.2d 504, 505 (1995), *i.e.*, upon a showing the ruling "was so arbitrary that it could not have been the result of a reasoned decision," *id.*

Suffice it to state we perceive no abuse of discretion in the case *sub judice.* Defendants have acknowledged that the trial court's determination they violated N.C. Arb. R. 3(p) accorded to the court the discretion to impose sanctions under N.C. Arb. R. 3(l), which in turn references Rule 37(b)(2)(c) allowing the striking of pleadings, dismissal of an action or a portion thereof, and rendering judgment by default as permissible sanctions. Assuming *arguendo* the trial court's Order enforcing the arbitration award thereby implicitly imposed the sanctions of striking defendants' request for trial *de novo* or of entering judgment against defendants, such action appears well within the purview of Rule 37(b)(2)(c) and in no event constitutes an abuse of the court's discretion.

In sum, the Order is in all respects affirmed.

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.