GAYLA B. JOHNSON, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR RACHEL E. JOHNSON, MINOR, PLAINTIFFS v. IRVIN WAYNE BREWINGTON, DEFENDANT

No. COA01-865

(Filed 21 May 2002)

**Arbitration and Mediation— nonbinding arbitration—trial de novo—defendant's insurance carrier not a proper party defendant**

The trial court erred in a negligence case arising out of an automobile accident by denying defendant's motion for a trial de novo after the parties participated in nonbinding arbitration under N.C.G.S. § 7A-37.1 based on the trial court's erroneous conclusion that defendant's insurance carrier was required by Rule 3(p) of the Rules of Court-Ordered Arbitration in North Carolina to have a representative present at the arbitration hearing, and the case is remanded with instructions for the trial court to grant defendant's demand for trial de novo and to address any pending motions by either party, because: (1) the Rules of Court-Ordered Arbitration in North Carolina do not require that a representative of a defendant's insurance carrier be present at a court-ordered, nonbinding arbitration hearing when the insurance carrier is not a party named in the action; and (2) our Supreme Court has specifically held that in an action ex delicto for damages proximately caused by the alleged negligence of defendant, his liability insurance carrier is not a proper party defendant.

Appeal by defendant from orders entered 24 January 2001 and 25 January 2001 by Judge Kimbrell Kelly Tucker in Cumberland County District Court. Heard in the Court of Appeals 23 April 2002.

*Murray, Craven & Inman, L.L.P., by Richard T. Craven and Thomas W. Pleasant, for plaintiff-appellees.*

*Walker, Clark, Allen, Herrin & Morano, L.L.P., by Jerry A. Allen, Jr. And Gay P. Stanley, for defendant-appellant.*

HUNTER, Judge.

Irvin Wayne Brewington ("defendant") appeals the trial court's order striking his demand for trial *de novo* following entry of an "Arbitration Award and Judgment" awarding $5,426.19 in favor of

Gayla B. Johnson and Rachel E. Johnson ("plaintiffs"). We reverse and remand.

Plaintiffs and defendant were involved in an automobile accident. Plaintiffs filed this action alleging negligence by defendant and seeking damages. The trial court ordered the parties to participate in nonbinding arbitration pursuant to N.C. Gen. Stat. § 7A-37.1 (1999). Plaintiffs, plaintiffs' attorney, defendant, and defendant's attorney attended the arbitration hearing. The arbitrator entered a total award of $5,426.19 in favor of plaintiffs, and defendant filed a demand for trial *de novo* pursuant to Rule 5 of the Rules for Court-Ordered Arbitration. Plaintiffs then filed a "Motion to Enforce Arbitration Award and Deny Defendant's Request for Trial De Novo" contending that defendant's insurance carrier, Allstate Insurance Company ("Allstate"), was the "real party in interest," that a representative of Allstate was required to appear at the arbitration hearing, and that Allstate's failure to have a representative appear at the arbitration hearing constituted a failure to "participate in good faith and in a meaningful manner." On this basis, plaintiffs requested that the trial court sanction defendant by striking defendant's request for trial *de novo* and enforcing the arbitration award in favor of plaintiffs. The trial court granted plaintiffs' motion, and defendant appeals.

The sole issue in this case is whether the Rules for Court-Ordered Arbitration in North Carolina require that a representative of a defendant's insurance carrier be present at a court-ordered, nonbinding arbitration hearing, despite the fact that the insurance carrier is not a party named in the action. We answer the question in the negative.

Rule 3(p) requires all "parties" to be present at arbitration hearings. *See* R. Ct.-Ordered Arbitration in N.C. 3(p), 2002 N.C. R. Ct. 233. This requirement may be satisfied in one of two ways: (1) the party himself may appear "in person," or (2) the party may appear "through representatives authorized to make binding decisions on their behalf in all matters in controversy before the arbitrator." *See id.* The trial court here determined that although defendant appeared at the arbitration hearing, Allstate was "the real party in interest in the defense of this lawsuit," and that Allstate violated Rule 3(p) by not having a representative present at the arbitration hearing. The trial court further concluded that Allstate's violation of Rule 3(p) warranted sanctions pursuant to Rule 3(l), which provides that the court may impose certain types of sanctions against "[a]ny party failing or refusing to

participate in an arbitration proceeding in a good faith and meaningful manner." *See* R. Ct.-Ordered Arbitration in N.C. 3(l), 2002 N.C. R. Ct. 233.

"In 1989, the North Carolina General Assembly authorized statewide, court-ordered arbitration and further authorized the North Carolina Supreme Court to adopt certain rules governing this procedure. Subsequently, the Supreme Court implemented the Rules for Court-Ordered Arbitration . . . ." *Taylor v. Cadle*, 130 N.C. App. 449, 452, 502 S.E.2d 692, 694 (1998). Had our Supreme Court determined that the objectives of court-ordered arbitration would best be served by requiring representatives of defendants' insurance carriers to be present for, and participate in, arbitration hearings, we believe the Court would have so specified in the rules. For example, Rule 4(A)(1)(b) of the Rules of Mediated Settlement Conferences expressly requires the attendance at a mediated settlement conference of "[a] representative of each liability insurance carrier, uninsured motorist insurance carrier, and underinsured motorist insurance carrier which may be obligated to pay all or part of any claim presented in the action." R. Implementing Statewide Mediated Settlement Confs. in Superior Ct. Civil Actions 4(A)(1)(b), 2002 N.C. R. Ct. 82. The Rules for Court-Ordered Arbitration contain no such requirement. Instead, Rule 3(p) requires only that "parties" be present at arbitration hearings, and we have found nothing to support the view that this term was intended to include a defendant's insurance carrier not named in the action.

Moreover, our Supreme Court has specifically held that "in an action *ex delicto* for damages proximately caused by the alleged negligence of the defendant, his liability insurance carrier is not a proper party defendant." *Taylor v. Green*, 242 N.C. 156, 158, 87 S.E.2d 11, 13 (1955). Thus, the trial court's determination that Allstate is "the real party in interest" in this case was error.

We hold that the trial court erred in determining that Allstate was required by Rule 3(p) to have a representative present at the arbitration hearing. We further hold that the trial court erred in finding that defendant violated Rule 3(l), and in imposing sanctions against defendant by striking defendant's demand for trial *de novo* and enforcing the arbitration award. We reverse the trial court's order and remand this case with instructions for the trial court to grant defendant's demand for trial *de novo*, and to address any pending motions by either party.

Reversed and remanded.

Judges GREENE and TIMMONS-GOODSON concur.