VILONA BLEDSOLE, Plaintiff v. RICKY LEE JOHNSON, Defendant

No. COA01-866

(Filed 18 June 2002)

## 1. Arbitration and Mediation— failure to participate in good faith and meaningful manner—motion for trial de novo

The trial court did not abuse its discretion in an action arising out of an automobile accident by striking defendant's demand for a trial de novo based upon defendant's violation of Rule 3(l) of the Rules for Court-Ordered Arbitration by failing to participate in the arbitration hearing in a good faith and meaningful manner, because: (1) defendant did not appear at the arbitration hearing and there is no evidence in the record that the attorney purporting to represent defendant at the hearing was appearing with the authority to make binding decisions on defendant's behalf; (2) there is no evidence tending to show that the reasons for defendant's failure to appear at the rescheduled arbitration hearing were beyond his control; (3) even if there were evidence that the reasons for defendant's failure to appear were beyond his control, defendant failed to employ the most appropriate remedy for his failure to appear, which was moving for a rehearing under Rule 3(j) of the Rules for Court-Ordered Arbitration; (4) contrary to defendant's assertion, nothing in the Rules for Court-Ordered Arbitration requires a party to object to an opposing party's failure to appear at an arbitration hearing or to object to any violations of the Rules at the arbitration hearing in order to preserve the right to later seek sanctions based upon such violation; (5) even though plaintiff's motion for sanctions was not made until forty-three days after defendant filed its demand for trial de novo and one week before trial was scheduled, the Rules of Court-Ordered Arbitration do not include a deadline for filing a motion for sanctions based upon an opposing party's failure to appear at the arbitration hearing; and (6) there is no indication in the order that the trial court's conclusion was dependent upon the erroneous finding requiring the attendance of a representative of a party's insurance company when such insurance company is not a named party in the action.

## 2. Costs— attorney fees—basis of award

The trial court's award of attorney fees in favor of plaintiff in an action arising out of an automobile accident for fees incurred

during the time period from the date of the arbitrator's award to 9 October 2000, and for the preparation and filing of the motion for sanctions, is remanded to the trial court for entry of an order clarifying the basis of such award.

### 3. Arbitration and Mediation— altering terms by awarding costs—basis of award

The trial court erred in an action arising out of an automobile accident by altering the terms of the arbitration award by awarding costs incurred prior to the arbitration award which were not included in the award, and the trial court's award of costs incurred by plaintiff after the arbitration award is remanded to the trial court for entry of an order clarifying the basis for this award.

Judge GREENE dissenting.

Appeal by defendant from orders entered 23 January 2001 and 24 January 2001 by Judge Kimbrell Kelly Tucker in Cumberland County District Court. Heard in the Court of Appeals 23 April 2002.

*Hatley & Stone, P.A., by Angela M. Hatley, for plaintiff-appellee.*

*Walker, Clark, Allen, Herrin & Morano, L.L.P., by Jerry A. Allen, Jr. and Gay Parker Stanley, for defendant-appellant.*

HUNTER, Judge.

Rickie Lee Johnson ("defendant") appeals from an order striking defendant's Request for Trial De Novo and awarding Vilona Bledsole ("plaintiff") attorney's fees and costs. We hold the trial court did not err in striking defendant's Request for Trial De Novo. We also hold the trial court erred in awarding plaintiff costs incurred prior to the arbitration award, and we remand to the trial court for an order clarifying the basis for the award of attorney's fees and costs incurred after the arbitration award.

Plaintiff and defendant were involved in a motor vehicle accident in November of 1998 in Cumberland County, North Carolina. Plaintiff filed a complaint on 4 April 2000 seeking damages. Defendant filed a response raising various defenses. Defendant also demanded a jury trial. On 30 June 2000, the trial court ordered the parties to participate in non-binding arbitration pursuant to N.C. Gen. Stat. § 7A-37.1 (2001). The arbitration hearing was scheduled but then continued by consent of the parties, and the hearing was

BLEDSOLE v. JOHNSON

[150 N.C. App. 619 (2002)]

rescheduled for 31 August 2000. The trial court sent copies of a "Notice of Arbitration Hearing" to Angela M. Hatley, the attorney representing plaintiff, and to Gay Parker Stanley, an attorney hired by defendant's insurance company, Allstate Insurance Company ("Allstate"), to represent defendant.

At the arbitration hearing, plaintiff and her attorney appeared, as well as Scott T. Stroud, an attorney from the same firm as Ms. Stanley. Defendant did not appear in person. In addition, no adjuster or representative on behalf of Allstate appeared at the hearing. The hearing lasted for thirty minutes, during which time plaintiff presented her medical bills and records, and Mr. Stroud presented photographs of plaintiff's vehicle and presented arguments. The arbitrator entered an award of $7,000.00 in plaintiff's favor, and also taxed costs of the action to defendant, although no amount of costs were included. The arbitrator did not award any attorney's fees to plaintiff.

On 11 September 2000, defendant filed a "Request for Trial De Novo" pursuant to Rule 5(a) of the Rules for Court-Ordered Arbitration ("Arb. Rule 5(a)"). The parties then proceeded to engage in discovery, conducting a deposition of plaintiff on 5 October 2000, and a *de bene esse* video deposition of plaintiff's chiropractor on 17 October 2000. On 24 October 2000, plaintiff filed a "Motion for Sanctions" seeking to strike defendant's Request for Trial De Novo and enforce the arbitration award, or, in the alternative, to be awarded attorney's fees and costs as a result of defendant's failure to participate in the arbitration hearing. In this motion, plaintiff argued that defendant had violated Rule 3(l) of the Rules for Court-Ordered Arbitration ("Arb. Rule 3(l)") by failing to participate in the arbitration hearing in a good faith and meaningful manner. A hearing on this motion was scheduled for 6 November 2000, the same day as the trial. On 6 November 2000, prior to the hearing and trial, plaintiff filed an additional motion seeking attorney's fees of $3,300.00 and costs of $1,270.70. Following a hearing on 6 November 2000, and a second hearing on 5 December 2000, the trial court entered an order on 23 January 2001 granting plaintiff's initial motion for sanctions by striking defendant's Request for Trial De Novo and enforcing the arbitration award, and also granting plaintiff attorney's fees of $1,912.50 and costs of $175.30. Defendant filed a "Motion for Reconsideration and Rehearing" on 14 December 2000, and the trial court denied this motion by order dated 24 January 2001. Defendant appeals from both orders.

I.

**[1]** On appeal, defendant first argues that the trial court erred in striking defendant's Request for Trial De Novo and in enforcing the arbitration award. Rule 3(p) of the Rules for Court-Ordered Arbitration ("Arb. Rule 3(p)") requires that "[a]ll parties shall be present at hearings in person or through representatives authorized to make binding decisions on their behalf in all matters in controversy before the arbitrator." R. Ct.-Ordered Arbitration in N.C. 3(p), 2002 N.C. R. Ct. 233. Arb. Rule 3(l) further provides that "[a]ny party failing or refusing to participate in an arbitration proceeding in a good faith and meaningful manner shall be subject to sanctions by the court on motion of a party, or report of the arbitrator, as provided in N.C.R. Civ. P. 11, 37(b)(2)(A)-37(b)(2)(C) and N.C. Gen. Stat. § 6-21.5." R. Ct.-Ordered Arbitration in N.C. 3(l), 2002 N.C. R. Ct. 233.

Here, the trial court found as fact that defendant did not appear at the arbitration hearing, and that "[t]here is no evidence in the record that Mr. Stroud was appearing at the arbitration hearing with the authority to make binding decisions on defendant's behalf in all matters in controversy before the arbitrator." Based upon these findings, the trial court concluded that defendant failed "to participate in the arbitration proceeding in a good faith and meaningful manner," as required by Arb. Rule 3(l), and therefore determined that sanctions were warranted.

There is no dispute that defendant himself did not attend the arbitration hearing. Defendant contends that Mr. Stroud's appearance satisfied Arb. Rule 3(p) because Mr. Stroud was authorized to make binding decisions on defendant's behalf in all matters in controversy before the arbitrator. However, the record does not contain any evidence to support this contention. This Court has previously held that where a defendant fails to appear at arbitration, and where there is no evidence in the record that the attorney purporting to represent the defendant at the hearing had the authority to make binding decisions in all matters on defendant's behalf, a trial court's ruling that the defendant has violated Arb. Rule 3(p) is not an abuse of discretion. *Mohamad v. Simmons*, 139 N.C. App. 610, 613-15, 534 S.E.2d 616, 618-20 (2000) (noting that such evidence could include the defendant's contract with the attorney, or an affidavit setting forth the nature of the representational relationship and the authority of the attorney). Furthermore, this Court has held that, under such circumstances, a trial court's award of sanctions against the defendant

BLEDSOLE v. JOHNSON

[150 N.C. App. 619 (2002)]

in the form of striking the defendant's demand for trial *de novo* and enforcing the arbitration award in favor of the plaintiff is not an abuse of discretion. *Id.* at 614-15, 534 S.E.2d at 619-20.

Defendant argues that *Mohamad* is distinguishable from the instant case for two reasons. We address each in turn.

## A.

First, defendant argues, unlike in *Mohamad*, there is evidence in this case that defendant never received notice of the rescheduled hearing and, thus, the reasons for his failure to appear at the hearing were beyond his control. We find this argument to be unpersuasive for a number of reasons.

First and foremost, there is no evidence in the record tending to show that the reasons for defendant's failure to appear were beyond his control. Defendant sought to attach to his "Motion for Reconsideration and Rehearing" two affidavits purportedly averring that defendant had not received any notice regarding the rescheduled arbitration hearing. In its 24 January 2001 order denying the Motion for Reconsideration and Rehearing, the trial court found that defendant had failed without justification to produce any such affidavits at the hearings on 6 November 2000 and 5 December 2000. As noted above, the trial court denied the Motion for Reconsideration and Rehearing, and further, in settling the record on appeal, ruled that all exhibits attached to the motion should be deleted from the record on appeal. It is well established that "[a] trial court's order settling the record on appeal is final and will not be reviewed on appeal." *Penland v. Harris*, 135 N.C. App. 359, 363, 520 S.E.2d 105, 108 (1999). Furthermore, "[r]eview of an order settling the record on appeal is available, if at all, only by way of *certiorari*." *Id.* Defendant has not applied for *certiorari*. Since there is no evidence in the record on appeal to show that defendant failed to attend the hearing for "good cause," defendant cannot establish that *Mohamad* may be distinguished on this basis.

Second, defendant's argument is founded upon the premise that defendant's failure to appear at the hearing was the fault of his attorneys in not notifying him of the rescheduled date, and not his own fault. Even if this were true, it is not clear that it would make a difference from a legal standpoint. Parties are generally held responsible for the negligence of their lawyers in handling their case in order to ensure that both clients and lawyers take care to act responsibly. *See Briley v. Farabow*, 348 N.C. 537, 546-47, 501 S.E.2d 649, 655

(1998) (an attorney's negligent conduct is not "excusable neglect" under N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (2001)).

> Allowing an attorney's negligence to be a basis for providing relief from orders would encourage such negligence and present a temptation for litigants to use the negligence as an excuse to avoid court-imposed rules and deadlines. Plaintiffs have argued that this Court should provide relief from an order if only the attorney, rather than the client, was negligent. Looking only to the attorney to assume responsibility for the client's case, however, leads to undesirable results.

*Id.* at 546, 501 S.E.2d at 655. Thus, even if defendant could show that his attorney received notice of the rescheduled hearing and failed to notify defendant, such fact would not necessarily compel the conclusion that defendant's failure to appear was for "good cause" or was due to reasons beyond his control.

Finally, even if there were evidence that the reasons for defendant's failure to appear were beyond his control, defendant nonetheless failed to employ the most appropriate remedy for his failure to appear: namely, moving for a rehearing pursuant to Rule 3(j) of Rules for Court-Ordered Arbitration ("Arb. Rule 3(j)"). This rule provides:

> If a party who has been notified of the date, time and place of the hearing fails to appear without good cause therefor, the hearing may proceed and an award may be made by the arbitrator against the absent party upon the evidence offered by the parties present, but not by default for failure to appear. . . . The court may order a rehearing of any case in which an award was made against a party who failed to obtain a continuance of a hearing and failed to appear for reasons beyond the party's control. Such motion for rehearing shall be filed with the court within the time allowed for demanding trial de novo stated in Arb. Rule 5(a).

R. Ct.-Ordered Arbitration in N.C. 3(j), 2002 N.C. R. Ct. 232-33. If defendant had desired to contest the arbitration award against him on the basis that the reasons for his failure to appear were beyond his control, the appropriate remedy would have been filing a motion for rehearing pursuant to Arb. Rule 3(j), which defendant failed to do.

### B.

The second reason defendant argues that *Mohamad* is distinguishable is that here, unlike in *Mohamad*, plaintiff failed to object to

**BLEDSOLE v. JOHNSON**

[150 N.C. App. 619 (2002)]

defendant's absence during the arbitration hearing, and that plaintiff here did not raise an objection to defendant's absence until forty-three days after defendant filed the Request for Trial De Novo. Again, we find this argument unpersuasive for a number of reasons.

First, there is nothing in *Mohamad* indicating that the Court in that case placed any significance upon the fact that the plaintiff objected to the defendants' failure to appear; the court merely noted this fact in passing during a recitation of the procedural background. *See Mohamad*, 139 N.C. App. at 611, 534 S.E.2d at 618). Second, nothing in the Rules for Court-Ordered Arbitration requires a party to object to an opposing party's failure to appear at an arbitration hearing, or to object to any violation of the Rules at the arbitration hearing, in order to preserve the right to later seek sanctions based upon such violation.

Moreover, we see no reason for imposing such a requirement in this context. Generally, parties must enter objections before the lower court in order to preserve an issue for appeal because: (1) appellate courts are limited to a review of alleged errors in the rulings of the trial court, and, absent an objection and an opportunity for the trial court to rule on the objection, there is nothing for an appellate court to review, *see Cotton Mill Co. v. Textile Workers Union*, 234 N.C. 748, 749, 68 S.E.2d 809, 810 (1952); and (2) requiring parties to object at trial increases the likelihood that the error will be called to the trial court's immediate attention and corrected, thereby eliminating the need for a new trial, *see Penland v. Green*, 289 N.C. 281, 285, 221 S.E.2d 365, 369 (1976).

However, in the context of a trial *de novo* following an arbitration hearing, the trial court is not limited to a review of alleged errors in the rulings of the arbitrator at the arbitration hearing. There is no official transcript of the arbitration hearings, *see* Arb. Rule 3(k), and, as a result, a trial *de novo* is not technically considered to be an "appeal" from an arbitration award, *see* Comment to Arb. Rule 6. Furthermore, only the trial court, and not the arbitrator, has authority to punish arbitration parties for contempt, *see* Arb. Rule 3(g), 3(l), 3(p), and only the trial court has authority to schedule or reschedule arbitration hearings, *see* Arb. Rule 8(b), or to order a rehearing, *see* Arb. Rule 3(j). Thus, an objection at the arbitration hearing to a party's failure to appear would not have the effect of providing the arbitrator an opportunity to enter any contempt ruling based upon the party's failure to appear or to order that the hearing be rescheduled.

## C.

Defendant has asserted various other grounds in support of his contention that the trial court erred in striking the demand for trial *de novo*. Defendant draws our attention to the fact that plaintiff's motion for sanctions was not made until forty-three days after defendant filed its demand for trial *de novo*, and one week before trial was scheduled. While we agree that such delay can result in significant inconvenience and cost for the opposing party, who is left having unnecessarily prepared for trial if the demand for trial *de novo* is ultimately stricken, only our Supreme Court has the authority to "adopt rules governing" the procedure for court-ordered, nonbinding arbitration. *See* N.C. Gen. Stat. § 7A-37.1(b). At present, the Rules for Court-Ordered Arbitration do not include a deadline for filing a Motion for Sanctions based upon an opposing party's failure to appear at the arbitration hearing in violation of Arb. Rule 3(l).

Defendant also contends that the trial court erred in finding that Mr. Stroud "did not conduct any cross-examination and presented no evidence during the course of the arbitration hearing." Defendant contends that Mr. Stroud did, in fact, present evidence at the hearing. Even assuming *arguendo* that defendant is correct, and that the trial court's finding to the contrary is not supported by the evidence in the record, such finding was not necessary to the court's conclusion that defendant failed to participate in the arbitration proceeding in a good faith and meaningful manner. This conclusion was adequately supported, as noted above, by the trial court's findings that defendant did not appear at the arbitration hearing, and that "[t]here is no evidence in the record that Mr. Stroud was appearing at the arbitration hearing with the authority to make binding decisions on defendant's behalf in all matters in controversy before the arbitrator."

Defendant also contends the trial court erred in finding that no "person from Allstate Insurance Company appeared at the arbitration hearing." We agree with defendant that this finding would not be a proper basis for concluding that defendant failed to participate in the arbitration proceeding in a good faith and meaningful manner. This is because nothing in the Rules for Court-Ordered Arbitration requires the attendance of a representative of a party's insurance company when such insurance company is not a named party in the action. *See Johnson v. Brewington*, 150 N.C. App. 425, 562 S.E.2d. 919 (2002). However, there is no indication in the order that the trial court's conclusion was dependent upon this finding, and thus, any error in entering this finding was inconsequential.

**BLEDSOLE v. JOHNSON**

[150 N.C. App. 619 (2002)]

## II.

**[2]** Defendant next assigns error to the trial court's award of attorney's fees in favor of plaintiff. The arbitration award did not include an award of attorney's fees in favor of plaintiff. The trial court in its order awarded plaintiff attorney's fees only for fees "incurred during the time period from the date of the arbitrator's award to October 9, 2000 and for the preparation and filing of the motion for sanctions." However, the order does not clearly indicate the basis upon which such fees were awarded.

It is possible that the trial court intended to award such attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5 (2001) as sanctions for defendant's failure to appear at arbitration.[1] However, such basis for the award of attorney's fees would have been improper. Section 6-21.5 of our General Statutes allows a court to "award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." N.C. Gen. Stat. § 6-21.5. Here, the trial court did not find facts that would support such a conclusion, the trial court did not enter such a conclusion in its order, and the record does not, in fact, support such a conclusion.

It is also possible that the trial court intended to award attorney's fees, not as a sanction pursuant to N.C. Gen. Stat. § 6-21.5, but, rather, based upon some other statutory authority (for example, plaintiff's motion for attorney's fees and costs expressly refers to Rule 11, Rule 37, and N.C. Gen. Stat. § 6-21.1). Because the trial court may have intended to award attorney's fees based upon some statutory authority other than N.C. Gen. Stat. § 6-21.5, we remand the case to the trial court. If the only basis for the trial court's award of attorney's fees was N.C. Gen. Stat. § 6-21.5, the trial court is instructed to enter an order denying plaintiff's motion for attorney's fees. If the award of attorney's fees was intended to be made upon some other basis, the trial court is instructed to enter an order clarifying the basis for the attorney's fee award.

## III.

**[3]** Finally, defendant argues that the trial court erred in awarding costs of $175.30 to plaintiff ($91.30 for costs incurred through the

1. Arb. Rule 3(l) authorizes a trial court to award sanctions pursuant only to Rule 11, Rule 37(b)(2)(a)-(c), and N.C. Gen. Stat. § 61-21.5. The trial court's order references only Rule 37 and N.C. Gen. Stat. § 61-21.5. Because the order does not reference Rule 11, and because Rule 37(b)(2)(a)-(c) does not authorize attorney's fees as sanctions,

date of the arbitration hearing, and $84.00 for costs incurred since the arbitration hearing). The Arbitration Award and Judgment states that costs are to be taxed against defendant, but it does not actually specify any particular amount to be awarded to plaintiff as costs. Defendant contends that no specific costs were included in the award because plaintiff did not present any evidence of her costs at the arbitration hearing. Defendant further contends that any costs awarded to plaintiff by the trial court would essentially constitute a modification of the Arbitration Award and Judgment, and that such modification would be improper since defendant's Motion for Trial De Novo was stricken, and plaintiff did not appeal from the arbitration award. To the extent that the trial court awarded plaintiff costs incurred up to the date of the arbitration hearing, we agree.

It is important to understand the status of this action at the time the trial court struck defendant's Request for Trial De Novo. Rule 6(b) of the Rules for Court-Ordered Arbitration ("Arb. Rule 6(b)") provides in pertinent part:

> If the case is not terminated by agreement of the parties, and no party files a demand for trial de novo within 30 days after the award is filed, the clerk or the court shall enter judgment on the award, which shall have the same effect as a consent judgment in the action.

R. Ct.-Ordered Arbitration in N.C. 6(b), 2002 N.C. R. Ct. 234. Initially, we hold that the same result (entry of judgment on the award with the effect of a consent judgment) obtains where, as here, (1) an Arbitration Award and Judgment is entered, (2) one of the parties demands a trial *de novo*, and (3) the trial court strikes the demand for trial *de novo* as a form of sanctions based upon a violation of Rule 3(l). Thus, as a result of the trial court's 23 January 2001 order striking defendant's demand for trial *de novo*, and because plaintiff did not file a demand for trial *de novo* within thirty days, the trial court's order entering judgment on the arbitration award has the same effect as a consent judgment.

The trial court awarded costs incurred by plaintiff prior to the arbitration award, even though such costs were not specifically included in the arbitration award. This award of costs incurred before the arbitration award was improper and must be reversed. There is nothing in the Rules for Court-Ordered Arbitration indicating

---

the trial court may have intended to award attorney's fees pursuant to N.C. Gen. Stat. § 61-21.5.

**BLEDSOLE v. JOHNSON**

[150 N.C. App. 619 (2002)]

that, following entry of judgment by the clerk or the trial court on an arbitration award which then has "the same effect as a consent judgment," the trial court has authority to alter the terms of the arbitration award by awarding costs incurred prior to the arbitration award which were not included in the award. *See Taylor v. Cadle*, 130 N.C. App. 449, 454, 502 S.E.2d 692, 695 (1998) (holding that failure of a party to request a trial *de novo* within thirty days of the arbitrator's award acts as a waiver of that party's right to appeal the arbitrator's determination on the issue of attorney's fees or costs).

As to the trial court's award of costs incurred by plaintiff after the arbitration award, the trial court's order fails to indicate the statutory basis for this award. As to these costs, we remand to the trial court for entry of an order clarifying the basis for this award.

In summary, we affirm the trial court's 23 January 2001 order to the extent that it strikes defendant's demand for trial *de novo* based upon defendant's violation of Rule 3(l). We reverse the trial court's order to the extent it purports to award plaintiff costs incurred prior to the arbitration award. As to the trial court's award of attorney's fees and costs incurred after the arbitration award, we remand to the trial court for entry of an order clarifying the basis for such awards.

Affirmed in part, reversed in part, and remanded.

Judge TIMMONS-GOODSON concurs.

Judge GREENE dissents in a separate opinion.

GREENE, Judge, dissenting.

All parties to a case that is to be arbitrated pursuant to the Rules for Court-Ordered Arbitration (the Rules) are required to be present at the arbitration hearing or to have a representative present who is authorized to make binding decisions on their behalf. N.C. Arb. R. 3(p). If a party or its authorized representative does not appear at the hearing and the arbitrator enters an award against that party, that party may within 30 days of the filing of the award move the trial court to order a rehearing on the grounds that he "failed to appear for reasons beyond [his] control." N.C. Arb. R. 3(j), 5(a).

In this case, the arbitration hearing was conducted on 31 August 2000. Defendant was not present for the hearing, although his attor-

**BLEDSOLE v. JOHNSON**

[150 N.C. App. 619 (2002)]

ney was present. At the hearing, the issue of whether defendant's attorney had the authority to make binding decisions on behalf of his client was never raised. After the hearing, on 1 September 2000, an "Award and Judgment," which noted that "[a]ll parties were present in person or through an attorney," was filed. Subsequently, on 11 September 2000, defendant moved for a trial *de novo* pursuant to Rule 5(a). On 24 October 2000, plaintiff filed her motion for sanctions requesting defendant's trial *de novo* request be denied because he did not appear at the arbitration hearing or have anyone present "authorized to make binding decisions on his behalf." The trial court allowed plaintiff's motion on the grounds that defendant was neither present for the arbitration hearing nor had a representative there with the authority to make binding decisions on his behalf.

Because plaintiff did not raise the issue of whether defendant's attorney had the requisite Rule 3(p) authority until after expiration of the time for defendant to move the trial court for an arbitration rehearing, she is barred from raising the issue. To hold otherwise would allow her to simply wait until it is too late for defendant to attempt to correct the problem that is the basis of her motion, and this would be inconsistent with any reasonable construction of the Rules. In other words, unless a party makes a timely Rule 3(p) objection, it cannot seek to deny another party the right to request a Rule 5(a) trial *de novo* on the grounds that party has failed to comply with Rule 3(p). *See Mohamad v. Simmons*, 139 N.C. App. 610, 611, 534 S.E.2d 616, 618 (2000) (the plaintiff "objected to the failure of the individual defendants to appear [at the arbitration hearing], but proceeded with the hearing without waiving or withdrawing the objection"). A timely objection is one entered either at the hearing or at the time the award is filed. As plaintiff never entered a Rule 3(p) objection, the failure of the record to show defendant's attorney had Rule 3(p) authority cannot be the basis for denying defendant a trial *de novo*, awarding plaintiff attorney's fees, or awarding costs. Accordingly, I would reverse and remand for an entry of an order granting defendant's request for a trial *de novo*.