VILONA BLEDSOLE v. RICKY LEE JOHNSON

No. 370PA02

(Filed 2 May 2003)

**Arbitration and Mediation— nonbinding arbitration—good faith participation—attorney fees and costs**

A de novo review revealed that the trial court erred in an action arising out of a motor vehicle accident by striking defendant's request for a trial de novo based on its erroneous finding that defendant did not participate in a good faith and meaningful manner in the parties' nonbinding arbitration proceeding under N.C.G.S. § 7A-37.1, and by awarding plaintiff attorney fees and costs under Rule 3(l) of the Rules for Statewide Court-Ordered Nonbinding Arbitration, because: (1) an associate in the law firm

retained to defend defendant was permitted under Rule 2(e) of the General Rules of Practice for District and Superior Court to substitute for the attorney handling the case, and plaintiff was on notice that the named defendant's insurance carrier had undertaken defense of the case and had retained the pertinent law firm to represent defendant's interests; (2) the presence or absence of the named defendant at the arbitration hearing in this particular case was immaterial when defendant admitted his negligence as to the collision but the only issues were whether the accident was the proximate cause of plaintiff's injuries and the amount of damages; (3) defense counsel had no obligation to present evidence or to cross-examine witnesses, and the failure to do so cannot be the basis for finding that defendant did not participate in a good faith and meaningful manner; (4) a lack of evidence to show that substituted counsel had authority to make binding decisions on defendant's behalf is not sufficient to show that defendant did not participate in a good faith and meaningful manner; and (5) unlike N.C.G.S. § 7A-38.1 authorizing mediated settlement conferences in superior court civil actions, N.C.G.S. § 7A-37.1 does not require the attendance of the parties, their attorneys, and other persons or entities with authority by law or by contract to settle the parties' claims, nor does N.C.G.S. § 7A-37.1 require sanctions as does N.C.G.S. § 7A-38.1.

On discretionary review pursuant to N.C.G.S. § 7A-31(b)(1) of a split decision of the Court of Appeals, 150 N.C. App. 619, 564 S.E.2d 902 (2002), affirming in part, reversing in part, and remanding orders entered 23 and 24 January 2001 by Judge Kimbrell Kelly Tucker in District Court, Cumberland County. On 3 October 2002, the Supreme Court allowed defendant's petition for writ of certiorari to review an order settling the record on appeal signed by Judge Tucker on 27 June 2001. Heard in the Supreme Court 11 March 2003.

*Hatley & Stone, P.A., by Angela M. Hatley, for plaintiff-appellee.*

*Walker, Clark, Allen, Grice & Ammons, L.L.P., by Jerry A. Allen, Jr., and Gay Parker Stanley, for defendant-appellant.*

PARKER, Justice.

The issues before this Court in this appeal arising out of a court-ordered, nonbinding arbitration proceeding are whether the Court of Appeals erred (i) in affirming the trial court's order striking defendant's request for trial *de novo*, and (ii) in reversing the trial court's

order awarding plaintiff costs incurred prior to the arbitration award and remanding the case to the trial court for an order clarifying the basis for the award of attorneys' fees and costs incurred after the arbitration award.

On 4 April 2000 plaintiff instituted this civil action seeking damages arising out of a motor vehicle accident that occurred on or about 18 November 1998 in which defendant's vehicle crashed into the rear of plaintiff's vehicle. In his answer defendant admitted that his negligence was the proximate cause of the motor vehicle accident but denied that the accident was a proximate cause of plaintiff's injuries. Both parties demanded a jury trial.

By order entered 30 June 2000 the trial court ordered the parties to participate in nonbinding arbitration pursuant to N.C.G.S. § 7A-37.1. The parties stipulated to the selection of an arbitrator and filed a joint motion to continue the hearing, which was allowed. The trial court administrator notified the attorneys for both parties that the hearing had been postponed until 31 August 2000. On 17 August 2000 defendant served a notice to take plaintiff's deposition on 5 October 2000.

Plaintiff and her attorney, Angela Hatley, and other plaintiff's witnesses were present at the arbitration hearing on 31 August 2000. Also present was Scott Stroud, an attorney in the same law firm as Gay Parker Stanley, the attorney who had been primarily responsible for handling the case on behalf of defendant and defendant's insurance carrier, Allstate Insurance Company. Ms. Stanley had a scheduling conflict related to a court appearance in another county. Defendant did not appear in person. The hearing lasted half an hour and consisted of the testimony of two witnesses for plaintiff, the introduction of plaintiff's medical records into evidence, and the arguments of counsel. Defense counsel did not cross-examine the witnesses, and the record is in conflict as to whether defense counsel presented photographs of the vehicle operated by plaintiff at the time of the accident. The arbitrator awarded plaintiff $7,000 and taxed costs to defendant.

Pursuant to Rule 5(a) of the Rules For Statewide Court-Ordered, Nonbinding Arbitration (the arbitration rules), defendant filed a timely request for trial *de novo*. Thereafter, the parties conducted additional discovery in preparation for a 6 November 2000 trial date, including defendant's previously noticed deposition of plaintiff and plaintiff's videotaped deposition of plaintiff's chiropractor, taken on 17 October 2000.

On 24 October 2000, two weeks before the scheduled trial date, plaintiff filed a motion for sanctions pursuant to Rule 3(*l*) of the arbitration rules praying the court to strike defendant's request for trial *de novo* or, in the alternative, to award plaintiff attorneys' fees and costs incurred as a result of defendant's failure to participate in the court-ordered arbitration in a good faith and meaningful manner. Among the allegations in support of the motion, plaintiff asserted that "[t]hroughout the entire course of the hearing, neither the defendant nor any person authorized to make binding decisions on his behalf was present." In his response to plaintiff's motion for sanctions, defendant asserted among other things that plaintiff did not object to defendant's absence at the arbitration hearing and that

> [t]he defendant has admitted to [sic] his actions were a proximate cause of the motor vehicle accident alleged in the plaintiff's Complaint. However, the defendant has denied that these actions proximately caused any injury to the plaintiff. Additionally, as of August 31, 2000, the defendant had not received the plaintiff's prior medical records in response to the defendant's Request for Production of Documents. Therefore, the defendant was unable to present a defense during the Arbitration of this matter.

In a subsequent affidavit, plaintiff's counsel admitted that all of plaintiff's medical records had not, in fact, been provided to defendant prior to the arbitration hearing.

The hearing on plaintiff's motion was scheduled for 6 November 2000, the date the trial was scheduled to begin. On that date plaintiff filed an additional motion seeking attorneys' fees of $3,300 and costs of $1,270.70. On 7 November 2000 the trial court orally advised the parties' attorneys that plaintiff's motion for sanctions would be allowed and that defendant's request for trial *de novo* would be stricken. A proposed order was transmitted to the attorneys on 20 November 2000. Plaintiff's motion for attorneys' fees was argued by both counsel on 5 December 2000. The trial court entered its order on 23 January 2001 striking defendant's request for trial *de novo*, enforcing the arbitration award, and awarding plaintiff attorneys' fees in the amount of $1,912.50 and costs in the amount of $175.30. Defendant's motion for reconsideration and rehearing that had been filed on 14 December 2000 was denied by the trial court by an order entered 24 January 2001.

Defendant gave timely notice of appeal from the 23 and 24 January 2001 orders. The Court of Appeals affirmed the trial court's

order striking defendant's request for trial *de novo*, held that the trial court erred in awarding plaintiff costs incurred prior to the arbitration award, and remanded the case to the trial court for an order clarifying the basis for the award of attorneys' fees and costs incurred after the arbitration award. *Bledsole v. Johnson*, 150 N.C. App. 619, 629, 564 S.E.2d 902, 909 (2002).

In reaching its decision the Court of Appeals' majority rejected defendant's argument that Mr. Stroud's appearance satisfied the requirement in Rule 3(p) of the arbitration rules that " '[a]ll parties shall be present at hearings in person or through representatives authorized to make binding decisions on their behalf in all matters in controversy before the arbitrator.' " *Id.* at 622, 564 S.E.2d at 904 (quoting R. Ct.-Ordered Arbitration in N.C. 3(p), 2003 N.C. R. Ct. (State) 261). The Court of Appeals noted that no evidence in the record supported defendant's contention that the attorney had authority to bind defendant. Relying on its decision in *Mohamad v. Simmons*, 139 N.C. App. 610, 534 S.E.2d 616 (2000), the court concluded that the trial court's order striking defendant's request for trial *de novo* was not an abuse of discretion. *Bledsole*, 150 N.C. App. at 629, 564 S.E.2d at 909. The Court of Appeals majority also rejected defendant's arguments that *Mohamad* is distinguishable. *Id.* at 622-25, 564 S.E.2d at 905-07. The dissenting opinion in the Court of Appeals concluded that plaintiff's failure to object to defendant's Rule 3(p) violation at the arbitration hearing or at the time the award was entered and her failure to raise the issue until after defendant's time for petitioning for a rehearing had expired under Rules 3(j) and 5(a) of the arbitration rules barred plaintiff from raising the issue. *Id.* at 629, 564 S.E.2d at 909 (Greene, J., dissenting).

Inasmuch as defendant did not give notice of appeal based on the dissent pursuant to N.C.G.S. § 7A-30(2), this case is before this Court on discretionary review. The determinative issue before this Court is whether the Court of Appeals erred in affirming the trial court's order striking defendant's request for trial *de novo*.

Defendant contends that the trial court erred in finding that defendant failed to participate in the arbitration proceeding in a good faith and meaningful manner. We agree. Rule 3(*l*) of the arbitration rules provides that "[a]ny party failing or refusing to participate in an arbitration proceeding in a good faith and meaningful manner shall be subject to sanctions by the court on motion of a party, or report of the arbitrator, as provided in N.C. R. Civ. P. 11, 37(b)(2)(A)-

37(b)(2)(C) and N.C. Gen. Stat. § 6-21.5." R. Ct.-Ordered Arbitration in N.C. 3(*l*), 2003 N.C. R. Ct. (State) 261.

In determining whether the trial court erred in imposing sanctions for violation of the arbitration rules, we are of the opinion that the appropriate standard of review is that adopted by this Court for review of an order granting or denying a motion for sanctions under N.C.G.S. § 1A-1, Rule 11(a). *See Turner v. Duke Univ.*, 325 N.C. 152, 381 S.E.2d 706 (1989). In *Turner* the Court stated:

> The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

*Id.* at 165, 381 S.E.2d at 714. The appropriateness of a particular sanction is reviewed for abuse of discretion. *Id.*

Under Rule 3(*l*) the trial court must determine that a party failed to participate in a good faith and meaningful manner. This finding must be supported by competent evidence. *Black's Law Dictionary* defines "good faith" as "[a] state of mind consisting in (1) honesty in belief or purpose, (2) faithfulness to one's duty or obligation, (3) observance of reasonable commercial standards of fair dealing in a given trade or business, or (4) absence of intent to defraud or to seek unconscionable advantage." *Black's Law Dictionary* 701 (7th ed. 1999). Whether a party has acted in good faith is a question of fact for the trier of fact, *Embree Constr. Grp., Inc. v. Rafcor, Inc.*, 330 N.C. 487, 499, 411 S.E.2d 916, 925 (1992), but the standard by which the party's conduct is to be measured is one of law. In making the determination as to whether a party's actions constitute a lack of good faith, the circumstances and context in which the party acted must be considered. *See* Restatement (Second) of Contracts § 205 cmt. a (1981). In the context of court-ordered, nonbinding arbitration, the definitions contained in numbers one and two above would appear most applicable. Thus, the relevant question under Rule 3(*l*) is whether defendant or his representative failed to act with honesty of

**BLEDSOLE v. JOHNSON**

[357 N.C. 133 (2003)]

purpose and faithfulness in performing the obligations imposed by the arbitration rules.

Viewed in the light of these definitions and considering the circumstances, we conclude that the evidence was insufficient to support a finding that defendant did not participate in a good faith and meaningful manner in the arbitration proceeding. First, we note that Rule 3(p) requires either the defendant or his representative to be present. Mr. Stroud was present representing defendant. As an associate in the law firm retained to defend defendant, Mr. Stroud was permitted under Rule 2(e) of the General Rules of Practice for District and Superior Court to substitute for the attorney handling the case. Gen. R. Pract. Super. and Dist. Ct. 2(e), 2003 N.C. R. Ct. (State) 64. The record shows that plaintiff was on notice that the named defendant's insurance carrier had undertaken defense of the case and had retained Mr. Stroud's firm to represent defendant's interests. In his answer defendant had admitted his negligence as to the collision; hence, the only issues before the arbitrator were (i) whether the accident was the proximate cause of plaintiff's injuries; and (ii) the amount of damages, if any.

The burden of proof as to these issues was on plaintiff. In her prearbitration submission plaintiff had not listed defendant as a witness to be called; indeed, a defendant would rarely have independent, competent evidence relevant to these issues. Accordingly, the presence or absence of the named defendant at the arbitration hearing in this particular case was immaterial. We hasten to note, however, that where liability has not been admitted, the presence of a party defendant will most likely be significant to the arbitration proceeding; and the party's absence may be evidence demonstrating a lack of good faith sufficient to trigger the imposition of sanctions under Rule 3(*l*).

The trial court also found that Mr. Stroud did not cross-examine plaintiff's witnesses. While cross-examination of plaintiff's witnesses by defense counsel might have been helpful to the arbitrator, whether to undertake cross-examination is a tactical decision left solely to the sound discretion of trial counsel in a civil action. With the burden of proof on plaintiff, defendant had no obligation to present evidence or to cross-examine witnesses; and the failure to do so cannot be the basis for finding that defendant did not participate in a good faith and meaningful manner.

Finally, we note that the trial court found that "[t]here is no evidence in the record that Mr. Stroud was appearing at the arbitration

hearing with authority to make binding decisions on defendant's behalf in all matters in controversy before the arbitrator." At the hearing on plaintiff's motion for sanctions, the burden would be on plaintiff to demonstrate that Mr. Stroud did not have the authority to bind defendant. The lack of evidence is not proof that Mr. Stroud did not have such authority; neither is the lack of such evidence sufficient to show that defendant did not participate in a good faith and meaningful manner in the proceeding.

Good faith is an equitable concept premised on honest belief and fair dealing with another. Failure to act in good faith implies that an offending party's conduct will preclude another person from obtaining a benefit to which that person is entitled. Significantly, plaintiff has not alleged or made any showing that the outcome of the arbitration would have been different but for the alleged technical violation of the rules on which plaintiff relies. Nothing in the arbitration rules assures a prevailing party that the arbitration award will become the judgment in the case. The nonprevailing party's right to seek a trial *de novo* is antithetical to such an assumption. *See* R. Ct.-Ordered Arbitration in N.C. 5(a), 2003 N.C. R. Ct. (State) 262. Moreover, neither the prevailing nor the nonprevailing party has any assurance under the arbitration rules that settlement negotiations will flow from the arbitration proceeding. The purpose of court-ordered, nonbinding arbitration is to provide "a more economical, efficient and satisfactory procedure to resolve certain civil actions than by traditional civil litigation." N.C.G.S. § 7A-37.1 (2001). The arbitration hearing provides a forum in which the parties can, after presentation of the evidence, have the benefit of an impartial third party's evaluation of the case, the anticipation being that this independent evaluation will result, as it most often does, in resolution of the case. This aspirational, optimal goal of reaching agreement without the burden and expense of further litigation is a worthy one that should be encouraged. The fact, however, that a nonprevailing party exercises the right provided in Rule 5(a) to seek a trial *de novo* cannot support a challenge to the party's good-faith participation in the arbitration proceedings.

In this regard, we note that unlike N.C.G.S. § 7A-38.1 authorizing mediated settlement conferences in superior court civil actions, N.C.G.S. § 7A-37.1 does not require the attendance of the parties, "their attorneys and other persons or entities with authority, by law or by contract, to settle the parties' claims," N.C.G.S. § 7A-38.1(f) (2001); nor does the court-ordered arbitration statute require sanc-

tions as does the mediated settlement conference statute, N.C.G.S. § 7A-38.1(g). The only mention of settlement in the arbitration rules is in the comment to Rule 3, which states:

> An arbitrator may at any time encourage settlement negotiations and may participate in such negotiations if all parties are present in person or by counsel. See Arb. Rule 3(p).

R. Ct.-Ordered Arbitration in N.C. 3 official comment, 2003 N.C. R. Ct. (State) 261.

Given the permissive and conditional nature of the language in the comment and the statutory differences between court-ordered, nonbinding arbitration and mediated settlement, we are of the opinion that the proper interpretation of the language in Rule 3(p) that the representative be "authorized to make binding decisions . . . in all matters in controversy before the arbitrator" relates to matters that may arise during the course of the proceeding, such as evidentiary or legal issues, not to acceptance of the award or of a settlement offer. To hold otherwise would be to eviscerate the nonbinding nature of the arbitration proceeding and violate the statutory intent. *See* N.C.G.S. § 7A-37.1.

For the foregoing reasons, we hold that the Court of Appeals erred in affirming the trial court's finding in its 23 January 2001 order that defendant did not participate in a good faith and meaningful manner in the arbitration proceeding as the finding was not supported by sufficient evidence. Accordingly, the finding did not support the conclusion that the imposition of sanctions was appropriate, and the order striking defendant's request for a trial *de novo* and awarding attorneys' fees and costs should be reversed. In that defendant did not brief the issue on which this Court issued its writ of certiorari, the issue is deemed abandoned. N.C. R. App. P. 28(a). The opinion of the Court of Appeals is reversed, and the case is remanded to that court for remand to the trial court for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.