STATE OF NORTH CAROLINA v. KEVIN McDOW ROBINSON, Defendant

No. COA07-440

(Filed 18 December 2007)

**Search and Seizure— motion to suppress evidence—video-tape—private search**

The trial court did not err in a multiple first-degree statutory sexual offense and multiple first-degree statutory rape case by denying defendant's motion to suppress evidence of a videotape, containing scenes of defendant engaging in sexual activities with at least two girls who appeared to be between ten and fourteen years old, that was given to police by the boyfriend of defendant's daughter who had removed the videotape from a lockbox in defendant's house, because: (1) the police do not exceed the scope of a prior private search when they examine the same materials that were examined by the private searchers, but they examine these materials more thoroughly than did the private parties; (2) the boyfriend's viewing of the videotape did not violate the Fourth Amendment since he was a private party not acting under the authority of the State, and his viewing of the videotape effectively frustrated defendant's expectation of privacy as to its contents; and (3) while the boyfriend stated that he had only viewed portions of the videotape, his viewing "opened the container" for the videotape and the subsequent viewing of the entire videotape was not outside the scope of the boyfriend's initial "search."

Appeal by defendant from an order and judgments dated 9 and 10 January 2007 by Judge Susan Taylor in Davidson County Superior Court. Heard in the Court of Appeals 1 November 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Q. Shanté Martin, for the State.*

*Greene & Wilson, P.A., by Thomas Reston Wilson, for defendant.*

BRYANT, Judge.

Kevin McDow Robinson (defendant) appeals from an order dated 10 January 2007, denying his motion to suppress evidence, and subsequent judgments also dated 9 January 2007 and entered pursuant to defendant's plea of no contest to eight counts of first degree statutory sexual offense and three counts of first degree statutory rape. For the reasons stated herein, we affirm the order of the trial court.

*Facts and Procedural History*

In March of 2006, Michael Young was dating defendant's daughter and living in defendant's home. Defendant kept a lockbox in front of the refrigerator in the home. One evening, while defendant was showering, Mr. Young took defendant's keys, opened the lockbox, and removed a videotape from the lockbox. Mr. Young then took the videotape to his room and watched portions of the tape. The videotape contained scenes of defendant engaging in sexual activities with at least two girls who appeared to be between ten and fourteen years old. Mr. Young contacted Crimestoppers concerning the tape and was told someone from the Davidson County Sheriff's Department would call him back.

Detective Wanda Thompson of the Davidson County Sheriff's Department subsequently called Mr. Young and arranged to meet with him away from defendant's home to retrieve the videotape. Mr. Young informed Detective Thompson as to what he had observed on the videotape and gave the videotape to her when they met at "Pebble Beach." Detective Thompson viewed the entire videotape at the nearby Denton Police Department and confirmed Mr. Young's observations. Detective Thompson identified the two girls on the videotape and confirmed that at one point in time they had lived near defendant and been friends with his daughter. Detective Thompson then obtained and executed a search warrant for defendant's home for any additional child pornography or related materials.

On 8 May 2006, defendant was indicted on eight counts of first degree statutory sexual offense and three counts of first degree statutory rape. On 5 January 2006, defendant filed a motion to suppress evidence, arguing the videotape had been searched and seized by the State in violation of Articles IV and V of the Amendments of the United States Constitution, and Sections 19 and 23 of Article I of the North Carolina Constitution. Prior to trial, a suppression hearing was held on 9 January 2007. At the conclusion of the suppression hearing,

the trial court made findings of fact and conclusions of law in open court denying defendant's motion to suppress the videotape as evidence. Defendant objected to the trial court's findings of fact and conclusions of law, and took exception to the ruling. The trial court subsequently entered a written order denying defendant's motion to suppress dated 10 January 2007.

On 9 January 2007, at the conclusion of the suppression hearing, defendant entered a plea of "no contest" to all counts set forth in the indictments. In the Plea Transcript, defendant specifically preserved appellate review of the findings of fact and conclusions of law pertaining to the trial court's motion to suppress. The trial court then entered judgments sentencing defendant to eleven consecutive sentences of 384 to 470 months imprisonment with the North Carolina Department of Correction. Defendant appeals.

---

Defendant's sole issue on appeal is whether the trial court erred in denying his motion to suppress the videotape evidence. Defendant contends Detective Thompson's viewing of the entire videotape exceeded the scope of Mr. Young's viewing in violation of the Fourth Amendment. We disagree.

"The scope of review of the denial of a motion to suppress is 'strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law.'" *State v. Bone*, 354 N.C. 1, 7, 550 S.E.2d 482, 486 (2001) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)), *cert. denied*, 535 U.S. 940, 152 L. Ed. 2d 231 (2002). Where a defendant has not assigned error to any of the trial court's findings of fact, those findings are conclusive and binding on appeal. *State v. Jacobs*, 162 N.C. App. 251, 254, 590 S.E.2d 437, 440 (2004). "The trial court's conclusions of law, however, are fully reviewable on appeal." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).

The Fourth Amendment provides, in pertinent part, that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." U.S. Const. amend. IV. Searches in violation of the Fourth Amendment "occur[] when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Jacobsen*, 466 U.S. 109, 113, 80 L. Ed. 2d 85, 94 (1984). Further, the

Supreme Court of the United States has construed the protection guaranteed by the Fourth Amendment "as proscribing only governmental action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.' " *Id.* (quoting *Walter v. United States*, 447 U.S. 649, 662, 65 L. Ed. 2d 410, 421 (1980) (Blackmun, J., dissenting)). When the State conducts a search in response to information obtained by a search by a private party and communicated to the State, "the legality of the governmental search must be tested by the scope of the antecedent private search." *Id.* at 116, 80 L. Ed. 2d at 96.

> The Fourth Amendment is implicated only if the authorities use information with respect to which the expectation of privacy has not already been frustrated. In such a case the authorities have not relied on what is in effect a private search, and therefore presumptively violate the Fourth Amendment if they act without a warrant.

*Id.* at 117-18, 80 L. Ed. 2d at 96-97.

While there appears to be no settled case law in North Carolina directly on point regarding the scope of a search involving the viewing of a videotape, we agree with the positions of the Fifth and Eleventh Circuits of the United States Court of Appeals, that "the police do not exceed the scope of a prior private search when they examine the same materials that were examined by the private searchers, but they examine these materials more thoroughly than did the private parties." *United States v. Runyan*, 275 F.3d 449, 464 (5th Cir. 2001) (finding no constitutional violation where the police viewed more images stored on a computer disc than did the private searcher); *United States v. Simpson*, 904 F.2d 607, 610 (11th Cir. 1990) (holding the search of a box and viewing of videotapes by federal law enforcement agents "did not exceed the scope of the prior private searches for Fourth Amendment purposes simply because they took more time and were more thorough than the Federal Express agents"). Here, Mr. Young's viewing of the videotape did not violate the Fourth Amendment because he was a private party not acting under the authority of the State. Mr. Young's viewing of the videotape effectively frustrated defendant's expectation of privacy as to the contents of the videotape, and thus the subsequent viewing of the videotape by Detective Thompson did not violate defendant's rights under the Fourth Amendment. While Mr. Young stated

that he had only viewed "portions" of the videotape, his viewing "opened the container" of the videotape and the subsequent viewing of the entire videotape was not outside the scope of Mr. Young's initial "search." *Runyan*, 275 F.3d at 465. Defendant's assignments of error are overruled.

Affirmed.

Judges McGEE and HUNTER concur.