In re Foreclosure of Williams

IN THE MATTER OF FORECLOSURE OF THE DEED OF TRUST EXECUTED BY GARY DON WILLIAMS AND WIFE, ESSIE G. WILLIAMS; TO: ALLEN R. TEW, TRUSTEE, FOR THE BENEFIT OF JUNIOR AND APPIE JOHNSON, AS RECORDED IN BOOK 1003, PAGE 687 OF THE JOHNSTON COUNTY REGISTRY

No. 8711SC457

(Filed 5 January 1988)

**Mortgages and Deeds of Trust § 25— foreclosure—consent order—waiver of right to appeal**

The mortgagors waived their right to appeal to the superior court from an order of the clerk authorizing a foreclosure sale under a purchase money deed of trust when they executed a consent order which provided for the foreclosure proceeding to be held in abeyance for a certain time to give the mortgagors the opportunity to obtain conventional financing and pay off the purchase money note and which authorized the clerk to enter an order of foreclosure on the basis of the evidence already presented if the mortgagors failed to pay off the note within the specified time.

Judge GREENE dissenting.

APPEAL by defendants Gary Don Williams and Essie G. Williams from *Allen, J. B., Jr., Judge.* Judgment entered 25 February 1987, *nunc pro tunc* 23 February 1987, in Superior Court, JOHNSTON County. Heard in the Court of Appeals 17 November 1987.

*Mast, Tew, Morris, Hudson, Schulz & Holmes-Farley, by Donald E. Hudson, Jr., for plaintiff appellees.*

*Gary Don Williams, pro se, for defendant appellants.*

PHILLIPS, Judge.

Incident to the purchase of a house and lot Gary Don Williams and wife, Essie G. Williams, executed a note and purchase money deed of trust in favor of Junior and Appie Johnson, and when the Williamses failed to make the payments agreed to this proceeding to foreclose under the deed of trust was duly begun. On 1 October 1986 the hearing required to determine whether foreclosure was authorized by G.S. 45-21.16 was held by the Clerk of Superior Court and after evidence was presented indicating that the proceeding was well founded and the Johnsons had a right to proceed with it, the parties and the court signed a consent order providing for the foreclosure proceeding to be held in

abeyance until 2 January 1987 so the Williamses could try to obtain conventional financing and pay off the note. The order also provided in pertinent part that: If "for any reason" the Williamses did not pay off the note on 2 January 1987 the Johnsons could proceed with the foreclosure based upon the "default by the Williamses in the payment schedule previously agreed upon," and without any further hearing the Clerk could make whatever conclusions of fact and law were necessary based upon the evidence already presented "to support an order for a foreclosure sale upon the subject property." The Williamses did not pay off the note by 2 January 1987, and on 19 January 1987 the Clerk of Superior Court, after making all the findings essential to a valid foreclosure stated in G.S. 45-21.16(d), ordered the trustee to proceed with foreclosure. The Williamses' appeal to the Superior Court was dismissed by a judgment directing the trustee to proceed with the foreclosure as previously ordered by the Clerk.

By their appeal here the Williamses question the validity of the judgment dismissing their appeal from the Clerk because G.S. 45-21.16(d) provides that appeals from foreclosure determinations by the Clerk shall be heard *de novo* by a Superior Court judge. The appellants' contention has no merit and we overrule it. While G.S. 45-21.16(d) does provide as they maintain, that provision does not authorize the redetermination of matters that have been finally adjudicated before the Clerk; and it was finally adjudicated by the consent judgment and the Clerk's order based thereon that the note and deed of trust are valid, they are in default, and the Johnsons have a right to proceed with the foreclosure. A duly agreed to and entered consent order in a judicial proceeding is a final determination of the rights adjudicated therein and generally is a waiver of a consenting party's right to challenge the adjudication by appealing therefrom. *King v. Taylor*, 188 N.C. 450, 124 S.E. 751 (1924). Indeed, by joining in the consent order, the Williamses not only waived their right to appeal from the final adjudication based thereon, they also left the case with no unresolved issue to appeal. Nor does it matter that their appeal to the judge was not from the consent order but the Clerk's follow-up order authorizing foreclosure. For the consent order established that the foreclosure issue would be finally set at rest by the subsequent order; and the parties, in effect, agreed and consented to the subsequent order as well.

Affirmed.

Judge BECTON concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I disagree with the majority's holding that the mortgagors waived their right to appeal to the Superior Court because they entered into the consent order.

The consent order entered on 1 October 1986 authorized the Honorable Will R. Crocker, Clerk of the Superior Court of Johnston County to make findings and conclusions "from the evidence already before the Clerk," without a further hearing. Subsequent to the consent order, the Clerk did enter an order authorizing foreclosure on 19 January 1987. In that order, the Clerk made the necessary findings and conclusions as required in N.C.G.S. Sec. 45-21.16(d) (1984).

The appeal to the Superior Court was from the order of the Clerk authorizing the foreclosure sale, not from the previous consent order authorizing the Clerk to proceed without a further hearing on the issue. Therefore, the mortgagors did not waive their right to appeal to the Superior Court once the Clerk entered the order authorizing the foreclosure sale. Accordingly, the order of the trial court should be reversed and the case remanded for a hearing *de novo* pursuant to N.C.G.S. Sec. 45-21.16(d).