ALESIA BASS, PLAINTIFF v. GEORGE GOSS, DEFENDANT

No. 9114SC279

(Filed 21 January 1992)

Costs § 30 (NCI4th)— personal injury claim arbitrated—award of attorney fees—discretion of court

Where an arbitrator entered an award and judgment in favor of plaintiff in a personal injury action, damages were awarded, this was confirmed by the court, and plaintiff subsequently filed a motion for costs, including attorney fees pursuant to N.C.G.S. § 6-21.1, it was within the judge's discretion whether and in what amount to award attorney fees.

Am Jur 2d, Arbitration and Award § 139; Costs §§ 72, 78, 79.

APPEAL by plaintiff from *Brannon (Anthony M.), Judge.* Order entered 13 December 1990 in Superior Court, DURHAM County. Heard in the Court of Appeals 8 January 1992.

This is a civil action wherein plaintiff seeks damages for personal injuries allegedly resulting from defendant's negligent con-

BASS v. GOSS

[105 N.C. App. 242 (1992)]

duct. The case was referred to arbitration and was heard 5 October 1990, before Attorney Thomas Fowler. An award and judgment was entered in favor of plaintiff on the issue of liability, and damages of $2,559.00 were awarded which was confirmed by the court on 6 November 1990. Subsequently, plaintiff filed a "Motion for Costs," including attorney's fees, pursuant to G.S. 6-21.1. The motion was heard by Judge Brannon who entered the following order on 13 December 1990:

> IT APPEARING TO THE COURT from a review of the file in this matter and Affidavits presented by the parties that the request for attorney's fees by the Plaintiff is denied pending remand to the Arbitrator for a further determination of costs per the Award.
>
> IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for attorney's fees be and the same is hereby denied and that the matter of attorney's fees and costs be remanded to the Arbitrator, Mr. Thomas C. Fowler, for a determination of costs of this action, if any, including attorney's fees, and to whom they are taxed.

Plaintiff gave timely notice of appeal to Judge Brannon's order on 14 January 1991.

*Robert T. Perry for plaintiff, appellant.*

*Reynolds, Bryant, Patterson & Covington, P.A., by Joseph B. Chambliss, Jr., for defendant, appellee.*

HEDRICK, Chief Judge.

G.S. 6-21.1 provides in pertinent part:

> In any personal injury or property damage suit, . . . instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fees to be taxed as a part of the court costs.

Judge Brannon's order denying plaintiff's motion for attorney's fees "pending remand to the Arbitrator for a further determination" was error. G.S. 6-21.1 requires the judge upon motion made to award attorney's fees as a part of the costs.

The action of the arbitrator after the case was remanded by order dated 13 December 1990 was a nullity inasmuch as plaintiff had given timely notice of appeal to this Court prior to the arbitrator's ruling on 8 February 1991.

While Judge Brannon's order entered 13 December 1990 is not clear as to whether plaintiff's motion for attorney's fees was denied or merely denied pending remand to the arbitrator, the appeal raises the question of whether the judge should award attorney's fees in this type of case as part of the costs. We hold the judge has discretion whether to and in what amount to award attorney's fees in this type of case.

Insofar as Judge Brannon's order denied the motion, it is reversed, and the cause is remanded to the Superior Court for entry of an order in accordance with G.S. 6-21.1.

Reversed and remanded.

Judges WELLS and JOHNSON concur.