CONNIE TAYLOR, Plaintiff v. CHRISTIN P. CADLE, Defendant and ANTONIO D. HOWARD, Plaintiff v. CHRISTIN P. CADLE, Defendant

No. COA97-1136
No. COA97-1137

(Filed 4 August 1998)

**Arbitration— attorney's fee—determination by arbitrator**

> The trial court erred by awarding attorney's fees for plaintiffs where an arbitrator entered an award in a proceeding arising from an automobile accident but merely drew a line in the blank space for attorney's fees on the award form, the parties did not appeal the awards, the district court judge entered judgments adopting the awards, plaintiffs filed a motion for attorney's fees and costs pursuant to N.C.G.S. § 6-21.1 and N.C.G.S. § 7A-305, and the trial court determined that plaintiffs' motion for attorney's fees pursuant to N.C.G.S. § 1A-1, Rule 60(a) was appropriate since the district court judge had failed to make specific findings regarding the denial of attorney's fees. Under the language and intent of the Rules for Court-Ordered Arbitration, an arbitrator is authorized to decide all monetary claims raised by the pleadings in civil actions requesting damages in an amount less than $15,000.00, including claims for attorney's fees and costs where permitted by law. Whenever a party requests attorney's fees and the arbitrator awards or denies attorney's fees or fails to consider the issue, the dissatisfied party must timely appeal the award and failure to timely preserve the issue will result in a waiver on appeal.

Appeal by defendant from judgment entered 8 April 1997 by Judge David A. Leech in Pitt County District Court. Heard in the Court of Appeals 2 June 1998.

*Taft, Taft & Haigler, P.A., by Thomas F. Taft, Sr. and Michael J. Levine, for plaintiffs-appellees.*

*Yates, McLamb & Weyher, L.L.P., by Robert A. Sar, for defendant-appellant.*

WALKER, Judge.

On 28 July 1995, defendant was involved in an automobile accident with a vehicle driven by plaintiff Antonio D. Howard (Howard), in which plaintiff Connie Taylor (Taylor) was a passenger. Both Howard and Taylor (collectively plaintiffs) filed actions in Pitt County District Court seeking damages for the injuries they suffered, court costs, and attorney's fees. Defendant answered, denying liability, and the cases were assigned to mandatory arbitration.

At the arbitration hearing, the arbitrator heard evidence from both parties, including evidence regarding plaintiffs' request for attorney's fees. On 20 September 1996, the arbitrator entered an award of $900.00 for Howard and $2,000.00 for Taylor, but did not enter an award of attorney's fees. The parties did not appeal the arbitrator's awards, and on 30 October 1996, the chief district court judge for Pitt County entered judgments adopting the awards. The defendant paid both judgments, and they were each marked satisfied on the Pitt County judgment docket on 5 December 1996.

On 10 January 1997, the plaintiffs filed a motion for attorney's fees and costs pursuant to N.C. Gen. Stat. § 6-21.1 and § 7A-305. Following a hearing, the trial court made the following findings:

6. [The arbitrator] heard evidence from the parties concerning the motor vehicle collision and their alleged injuries resulting therefrom, and heard arguments of counsel. Plaintiff[s'] counsel's [sic] included a request . . . for an award of reasonable attorney's fees, which was supported by time sheets documenting plaintiff[s'] counsel's expenditure of time in the case.

7. On September 20, 1996, [the arbitrator] entered an award [for plaintiffs, but] made no notation of an amount awarded as attorney's fees but merely drew a horizontal line in the blank space provided for attorney's fees on the arbitration award form.

8. The Court is aware of and hereby takes judicial notice of the February 7, 1992, Memorandum issued by the Administrative Office of the Courts concluding that the allowance of reasonable

attorney's fees under [N.C. Gen. Stat.] § 6-21.1 is "a matter especially within the province of the judge, and not subject to arbitration under the Rules of Court Ordered Arbitration." Said Memorandum advises arbitrators hearing cases pursuant to court-ordered arbitration that such motions for attorney's fees must be heard by a judge of the trial division in which the case is pending.

9. The Court believes that the AOC procedure for determining attorney's fees under [N.C. Gen. Stat.] § 6-21.1 in court-ordered arbitration is understood as policy by the Arbitration Coordinator of Pitt County and is part of the training of the arbitrators in Pitt County.

10. In declining to enter an amount for attorney's fees, [the arbitrator] was complying with the AOC policy set forth in its Memorandum of February 7, 1992.

11. [P]laintiff[s'] complaint included a prayer for an award of attorney's fees in its payer for relief.

12. Neither party appealed [the arbitrator's] award within the 30 day period for appeal as prescribed by Rule 5(b) of the Rules for Court-Ordered Arbitration in North Carolina.

13. On October 30, 1996, [the chief district court judge for Pitt County] entered a judgment adopting the arbitrator's findings without hearing or notice.

14. In signing the judgment adopting the arbitrator's award, [the chief district court judge for Pitt County] made no entry of attorney's fees or findings of fact relative to attorney's fees.

. . .

16. On January 3, 1997, plaintiff[s'] counsel filed a third request for attorney's fees and costs pursuant to [N.C. Gen. Stat.] § 1A-1, Rule 60(a). . . .

. . .

18. In support of its petition, Plaintiff[s'] counsel argued that case law arising under appellate review of [N.C. Gen. Stat.] § 6-21.1 requires the Court to make specific findings of fact regarding the award or denial of attorney's fees, and that the Court's failure to award attorney's fees or make specific findings of fact relative to the denial of attorney's fee[s] constituted an

TAYLOR v. CADLE

[130 N.C. App. 449 (1998)]

omission or oversight which was thus correctable under Rule 60(a). In opposition to plaintiff[s'] motion, Defendant argued that plaintiff[s'] motion was untimely and thus without merit.

The trial court then determined that since the chief district court judge had failed to make specific findings regarding the denial of attorney's fees, plaintiffs' motion for attorney's fees pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(a) was appropriate. The trial court then entered an order awarding attorney's fees in the amount of $1,293.63 for each plaintiff.

The memorandum referred to by the trial court was issued by the Administrative Office of the Courts (AOC) on 7 February 1992 following this Court's decision in *Bass v. Goss*, 105 N.C. App. 242, 412 S.E.2d 145 (1992). The memorandum advised arbitrators that in light of the ruling in *Bass*, "the allowance of [attorney's fees] under [N.C. Gen. Stat. §] 6-21.1 may be a matter especially within the exclusive province of the judge, and not subject to arbitration under the Rules of Court Ordered Arbitration."

On appeal, defendant contends that plaintiffs waived their right to appeal the arbitrator's award since they failed to demand a trial *de novo* within 30 days from the entry of the award and that Rule 60(a) relief is not available.

In 1989, the North Carolina General Assembly authorized statewide, court-ordered arbitration and further authorized the North Carolina Supreme Court to adopt certain rules governing this procedure. Subsequently, the Supreme Court implemented the Rules for Court-Ordered Arbitration, of which Rule 1(a) states that mandatory court-ordered arbitration applies in all civil actions in which the claims for monetary relief do not exceed $15,000.00, exclusive of interest, costs and attorney's fees. Rules for Court-Ordered Arbitration in North Carolina, Rule 1(a) (1998). Further, the commentary to Rule 1 explains that the purpose of this program is to "create an efficient, economical alternative to traditional litigation for prompt resolution of disputes involving money damage claims up to $15,000.00." *Id.* at Commentary Rule 1.

Consistent with the overall purpose of the Rules for Court-Ordered Arbitration, there are several provisions of the Rules which deal specifically with the arbitrator's authority. Rule 3(g) provides that "[a]rbitrators shall have the authority of a trial judge to govern the conduct of hearings, except for the power to punish for

contempt. . . ." *Id.* at Rule 3(g). Further, Rule 4(c), dealing with the scope of the award, states that "[t]he award *must* resolve all issues raised by the pleadings . . . ." *Id.* at Rule 4(c) (emphasis added). In addition, Rule 7(a) states that "[t]he arbitrator may include in an award court costs accruing through the arbitration proceedings in favor of the prevailing party." *Id.* at Rule 7(a).

Further, in accordance with the Rules for Court-Ordered Arbitration, the AOC created an Arbitration Award and Judgment form in order to expedite the arbitration process. This form contains sections in which the arbitrator is to enter the amount of any award, including an award of a principal sum, the interest to date, attorney's fees and other costs, and the total amount of the award.

Plaintiffs rely on *Bass*, a case in which a personal injury action was referred to mandatory arbitration. At the hearing, the arbitrator awarded damages to the plaintiff in the amount of $2,559.00 but did not rule on the issue of attorney's fees as requested by plaintiff in her complaint. Neither party appealed, and after thirty days the award was confirmed by the trial court. Thereafter, the plaintiff filed a motion for costs in which she sought to recover attorney's fees under N.C. Gen. Stat. § 6-21.1. After a hearing, the trial court denied plaintiff's motion "pending remand to the Arbitrator for a further determination of costs per the Award," and plaintiff appealed. The record reveals that the arbitrator then denied plaintiff's request for attorney's fees, stating that such motion should have been made at the arbitration hearing.

On appeal, this Court reversed, stating that since plaintiff had given timely notice of appeal, the arbitrator's order denying attorney's fees was a nullity. *Bass v. Goss*, 105 N.C. App. at 244, 412 S.E.2d at 146. In remanding the case, this Court further held that the trial court had the discretionary authority to award attorney's fees. *Id.* However, this Court did not consider the issue of whether the arbitrator initially had the authority at the arbitration hearing to award attorney's fees under the Rules for Court-Ordered Arbitration. Thus, we construe the holding in *Bass* as being confined to the facts of that case.

Further, Rule 5(a) provides that a party who is dissatisfied with an arbitrator's award may appeal for a trial *de novo* with the court within thirty days from the date of the arbitrator's award. Rules for Court-Ordered Arbitration in North Carolina at Rule 5(a). However, if there is no demand for a trial *de novo* within the prescribed thirty-day

time period, then the clerk or the court "shall enter judgment on the award, which shall have the same effect as a consent judgment in the action." *Id.* at Rule 6(b). A failure to demand such a review within thirty days constitutes a waiver of the right to appeal. *Id.* at *Comment* to Rule 6.

In this case, the plaintiffs requested the arbitrator to include attorney's fees in the award; however, the section on the form for attorney's fees had a horizontal line drawn through it. Therefore, in accordance with Rule 5(a), the plaintiffs were required to request a trial *de novo* review of the arbitrator's award within thirty days if they wished to contest the fact that attorney's fees were not included in the award.

Plaintiffs now contend that since the chief district court judge failed to make specific findings as to why he was not awarding attorney's fees in the judgments entered on 30 October 1996, plaintiffs were entitled to relief from that order under N.C. Gen. Stat. § 1A-1, Rule 60(a), which provides that:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge . . . on the motion of any party . . . .

N.C. Gen. Stat. § 1A-1, Rule 60(a) (1990). According to plaintiffs, since the arbitrator declined to enter an amount for attorney's fees, the chief district court judge, upon entering the judgment on 30 October 1996 adopting the arbitrator's award, was required to make specific findings relative to the denial of such fees pursuant to the holding in *United Laboratories, Inc. v. Kuykendall,* 102 N.C. App. 484, 403 S.E.2d 104 (1991), *affirmed,* 335 N.C. 183, 437 S.E.2d 374 (1993). Moreover, plaintiffs contend that the failure to make such findings constitutes an omission under Rule 60(a), from which relief may be granted.

The trial court in its judgment, and now the plaintiffs on appeal, rely on *United Laboratories* as authority for requiring the trial court to make findings relative to an award or denial of attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1. In that case, the trial court awarded attorney's fees to the plaintiff in his unfair trade practices claim pursuant to N.C. Gen. Stat. § 75-16.1 but failed to make specific findings regarding the award. Upon review, this Court held that "in order for the appellate court to determine if the statutory award of attorney['s] fees is reasonable, the record must contain findings of fact as to the

time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney." *Id.* at 494, 403 S.E.2d at 111. Therefore, the Court concluded that since the trial court failed to make findings regarding such matters, it was "unable to make a determination as to the reasonableness of the trial court's award," and remanded the case to the trial court for an entry of such findings. *Id.* at 495, 403 S.E.2d at 111.

However, the present case is distinguishable from *United Laboratories.* Under the Rules for Court-Ordered Arbitration previously cited, after thirty days had elapsed, the chief district court judge was required to adopt the arbitrator's award, which did not include an award of attorney's fees. As such, since no attorney's fees were awarded, he was not required to make findings regarding attorney's fees and his failure to do so was not an omission under Rule 60(a). Therefore, it was error for the trial court to grant plaintiffs relief from the 30 October 1996 judgment under Rule 60(a), and we reverse the trial court's order and judgment entered on 8 April 1997.

In summary, we conclude that under the language and intent of the Rules for Court-Ordered Arbitration, an arbitrator is authorized to decide all monetary claims raised by the pleadings in civil actions requesting damages in an amount less than $15,000.00, including those claims for attorney's fees and costs where permitted by law. Whenever a party requests attorney's fees and the arbitrator awards or denies attorney's fees or fails to consider the issue, the dissatisfied party must timely appeal the award, even though it is satisfactory in all other respects. Failure of the dissatisfied party to timely preserve the issue will result in a waiver of this issue on appeal.

The trial court's order and judgment is reversed, and the cases are remanded for reinstatement of the arbitrator's award adopted by the trial court on 30 October 1996.

Reversed and remanded.

Chief Judge EAGLES and Judge HORTON concur.