D. McKINLEY PRICE AND J.L. PRICE AND WIFE, LOU ANN V. PRICE, PLAINTIFFS V. HEZEKIAH DOBSON, JR., AND SQUIRES TIMBER COMPANY, DEFENDANTS

No. COA99-1583

(Filed 19 December 2000)

**Appeal and Error— appealability—consent judgment—agreement means no right of appeal**

A defendant's appeal from a consent judgment in an action seeking damages for timber wrongfully removed from plaintiffs' property is dismissed because the record shows the parties informed the trial court of their intent to enter into a consent judgment, there is no evidence in the record to show consent was not present at the time of its entry, and therefore the parties are bound by the terms of the consent judgment.

Appeal by defendant Hezekiah Dobson, Jr. from judgment entered 12 July 1999 by Judge Russell J. Lanier, Jr. in Superior Court, Duplin County. Heard in the Court of Appeals 7 November 2000.

PRICE v. DOBSON

[141 N.C. App. 131 (2000)]

*E. C. Thompson, III, P.C., by Susan Collins Mikitka, for plaintiffs-appellees.*

*Lanier & Fountain, by Keith E. Fountain, for defendant-appellant Hezekiah Dobson, Jr.*

*Anderson, Johnson, Lawrence, Butler & Bock, L.L.P., by Lee B. Johnson and Catherine Ross Dunham, for defendant-appellee Squires Timber Company.*

WYNN, Judge.

In the fall of 1993, Hezekiah Dobson, Jr. hired Squires Timber Company to cut and remove timber from his land in Duplin County, North Carolina. Mr. Dobson's land bordered land owned by D. McKinley Price, J.L. Price and his wife, Lou Ann V. Price.

In January 1996, the Prices brought an action alleging that Squires Timber, at the direction of Mr. Dobson, removed timber from their property. Mr. Dobson and Squires Timber cross-claimed against one another. The trial court ordered the parties to attend a Mediated Settlement Conference.

At the Mediated Settlement Conference, the Prices and Mr. Dobson entered into an agreement that provided that Mr. Dobson would pay the Prices $12,800 upon execution of a boundary line agreement. After the execution and filing of the Memorandum of Mediated Settlement, a surveyor surveyed the boundary line. Mr. Dobson, however, disagreed with the surveyor's beginning point and refused to execute the boundary line agreement.

The Prices then moved for specific performance of the Mediated Settlement Agreement. Superior Court Judge Jerry Tillet held a hearing on 16 February 1998 and found that the parties had not reached a meeting of the minds about the boundary line. He directed Mr. Dobson's attorney to draft an order denying the Prices' motion for specific performance of the Mediated Settlement Agreement. However, Mr. Dobson's attorney never drafted the order, so Judge Tillet's ruling on the Prices' motion was neither reduced to writing nor filed with the clerk of court. Accordingly, Judge Tillet's ruling on that motion was never entered in accordance with N.C.R. Civ. P. 58.

In April 1999, the case came on for trial before Superior Court Judge Russell J. Lanier, Jr. At the outset of the trial, Squires Timber

moved to enforce the Mediated Settlement Agreement. The trial court heard Squires Timber's motion and allowed the other parties to respond. The court withheld a ruling on the motion until the next morning, giving all parties time to research and present case law about the motion. The next morning, the parties argued as to whether Judge Lanier had authority to rule on the motion. After holding that he did have the authority to rule on the motion, Judge Lanier asked Mr. Dobson if he needed more time to prepare for the hearing on the motion to enforce the Mediated Settlement Agreement. Mr. Dobson's attorney requested a brief recess.

After the recess, the parties informed the trial court that in lieu of a contested hearing on Squires Timber's motion, they had agreed to modify the original settlement. At the request of the parties, Judge Lanier entered an order reflecting the new agreement.

Mr. Dobson now appeals to this Court on two grounds: (1) Squires Timber failed to timely serve its motion and provide him with adequate notice of the hearing, and (2) the trial court was without authority to grant Squires Timber's motion.

Before addressing Mr. Dobson's arguments, we must first address the nature of the trial court's judgment. The record indicates that the trial court entered a *consent judgment* and not an order regarding Squires Timber's motion to enforce the Mediated Settlement Agreement. After Mr. Dobson requested a recess on the second day of the trial, the Prices' attorney told the trial court,

> Your Honor, in—during the recess, rather than revisit the hearing on the enforcement of the mediated settlement agreement, we have amended the terms of that somewhat. All the parties have agreed to that. And we would like Your Honor to enter an order to that effect.

Mr. Dobson's attorney then discussed the particulars of the new agreement with the trial court, explicitly consenting to the new agreement. Indeed, in its judgment, the trial court reiterated the parties' desire to enter into a consent judgment. The judgment provided:

> 8. That in lieu of proceeding with a contested hearing on the issue of enforcement of the Mediated Settlement Agreement in this matter, and to prevent appeals and further litigation, the parties have revised their agreement and have consented that judgment be entered as follows: . . .

The particulars of the new agreement included a determination of the boundary line, the amount of Mr. Dobson's payment to the Prices, the dismissal of the Prices' claim against both defendants, the dismissal of the defendants' cross-claims against each other, and an apportionment of costs.

All of these facts point to the inescapable conclusion that the judgment from which Mr. Dobson seeks to appeal was not an adjudication of Squires Timber's motion to enforce the Mediated Settlement Agreement; rather, he appeals from a consent judgment agreed to by all of the parties. As such, we must address whether Mr. Dobson may appeal from that judgment.

A consent judgment is a contract between the parties entered upon the records of a court of competent jurisdiction with its sanction and approval. *See Milner v. Littlejohn,* 126 N.C. App. 184, 187, 484 S.E.2d 453, 455, *review denied,* 347 N.C. 268, 493 S.E.2d 458 (1997). "The power of a court to sign a consent judgment depends upon the unqualified consent of the parties thereto[.]" *Ledford v. Ledford,* 229 N.C. 373, 376, 49 S.E.2d 794, 796 (1948). "A duly agreed to and entered consent order in a judicial proceeding is a final determination of the rights adjudicated therein and generally is a waiver of a consenting party's right to challenge the adjudication by appealing therefrom." *In the Matter of Williams,* 88 N.C. App. 395, 396, 363 S.E.2d 380, 381 (1988). A judgment is "entered" when it is "reduced to writing, signed by the judge, and filed with the clerk of court." N.C.R. Civ. P. 58. By joining in a consent order, a party waives his right to appeal from the judgment and leaves the case with no unresolved issue to appeal. *See Williams.*

In this case, the parties informed the trial court of their intent to enter into a consent judgment on 12 April 1999, and the trial court entered an order stating the terms of the consent judgment on 12 July 1999. There is no evidence in the record regarding whether the parties consented to the terms of the consent judgment at the time of its entry. Nevertheless, Mr. Dobson has not presented any evidence that he had withdrawn his consent before the entry. Accordingly, because the record shows the parties informed the trial court of their intent to enter into a consent judgment and there is no evidence in the record to show consent was not present at the time of its entry, the parties are bound by the terms of the consent judgment.

In sum, by agreeing to the consent judgment, Mr. Dobson waived his right to appeal the outcome of the case.

Appeal dismissed.

Judges GREENE and FULLER concur.