BROCK AND SCOTT HOLDINGS, INC., Plaintiff v. KIM D. WEST, Defendant

No. COA08-1051

(Filed 21 July 2009)

**Arbitration and Mediation— court-ordered arbitration—appeal waived**

Plaintiff's appeal from the denial of its motion to set aside an arbitration award under N.C.G.S. § 1A-1, Rule 60(b) was dismissed because plaintiff had become bound by the Rules for Court-Ordered Arbitration when it did not seek relief from the arbitration referral order under Rule 1(c) of the Rules for Court-Ordered Arbitration. Since plaintiff failed to request a trial *de novo* under N.C.R. Arb. 5(a) following the arbitration award, plaintiff is precluded from seeking review on appeal.

Appeal by plaintiff from judgment entered 3 June 2008 by Judge James H. Faison, III in Pender County District Court. Heard in the Court of Appeals 24 February 2009.

*Brock & Scott, PLLC, by Richard P. Cook, for plaintiff-appellant.*

*No brief filed on behalf of defendant-appellee.*

GEER, Judge.

When plaintiff Brock and Scott Holdings, Inc. failed to appear at a court-ordered arbitration, the arbitrator dismissed this action brought against defendant Kim D. West. Plaintiff subsequently filed a motion to set aside the arbitration award pursuant to Rule 60(b) of the Rules of Civil Procedure. Plaintiff appeals from the trial court's judgment and order dismissing the action in accordance with the arbitration award and denying plaintiff's Rule 60(b) motion. Under the North Carolina Rules for Court-Ordered Arbitration, however, plaintiff was required to demand a trial de novo under Rule 5 in order to preserve its right to appeal from the judgment entered on the arbitration award. Consequently, because plaintiff failed to request a trial de novo in this case, plaintiff waived its right to appeal from the trial court's judgment. We, therefore, dismiss the appeal.

## Facts

Defendant opened a credit card account with Metris Companies, Inc. Plaintiff ultimately purchased defendant's credit account. On 28

January 2008, plaintiff filed suit in Pender County District Court alleging that "Defendant ha[d] defaulted under the [credit] agreement by failing, neglecting, and refusing to make payments to Plaintiff upon the credit account when due . . . ." Plaintiff sought to recover the unpaid balance due plus interest and attorney's fees as provided in the credit agreement—an amount totaling $10,385.29.

On 19 February 2008, plaintiff served defendant with the complaint and summons. On 20 March 2008, both plaintiff and defendant received notice that the case had been referred to court-ordered, nonbinding arbitration under N.C. Gen. Stat. § 7A-37.1 (2007) and the North Carolina Rules for Court-Ordered Arbitration. The notice stated that "[f]ailure to appear for the [arbitration] hearing may result in an adverse award and/or sanctions."

Plaintiff served a motion for entry of default and default judgment on 25 March 2008. The record does not, however, indicate that the motion was actually filed. The index to the Record on Appeal states that the motion was "served March 25, 2008," but contrary to other pleadings in the Record on Appeal specifies no "filed" date. In addition, the copy of the motion included in the Record on Appeal has no "filed" stamp or other notation demonstrating that it was filed. The trial court stated in its judgment that "Plaintiff has tendered to the clerk of this Court its motion for entry of default of Defendant and for entry of default judgment against Defendant." The court then noted that "[i]t appears the motion was not filed, no entry of default was entered and no judgment entered."

The arbitration hearing was held on 16 April 2008. Defendant attended the hearing, but plaintiff did not. The arbitrator entered an award providing that "plaintiff is awarded nothing from the defendant and this action is dismissed." The award also taxed plaintiff with the costs of the action.

Two days later, on 18 April 2008, plaintiff filed a Rule 60(b) motion to set aside the arbitration award on the ground that its claim is "ineligible for referral to mandatory non-binding arbitration" and thus the arbitration "[a]ward is a nullity and is void *ab initio*." Plaintiff's Rule 60(b) motion was set to be heard on 5 May 2008, but the trial court continued the case until 2 June 2008 so that defendant could retain counsel. On 30 May 2008, defendant filed a responsive pleading that included a motion to dismiss for failure to state a claim for relief, an answer denying plaintiff's claim, and a counterclaim.

After hearing plaintiff's Rule 60(b) motion on 2 June 2008, the trial court entered a judgment and order on 3 June 2008 finding that when the parties were given notice that the case was being referred to arbitration, neither party objected to the referral; that plaintiff had failed to appear for the arbitration hearing; that the arbitrator entered an award in favor of defendant, dismissing plaintiff's claim; and that neither party filed a written demand for a trial de novo within 30 days afterward. Based on these findings, the trial court determined that it had "jurisdiction of the subject matter of and parties to this action" and that "[t]he parties have by their conduct waived their right to object to the referral of this action to the arbitrator[.]" The court further concluded that judgment should be entered based on the arbitration award dismissing plaintiff's claim and that "[t]he motion of Plaintiff for entry of default and default judgment and the motion, answer and counterclaim of Defendant should be struck."

Plaintiff timely appealed to this Court. Although defendant also filed a timely notice of appeal, this Court dismissed defendant's appeal on 3 December 2008.

## Discussion

Plaintiff argues that the trial court erred in denying its "Motion to Set Aside Arbitration Award Pursuant to Rule 60(b)" and by striking its motion for entry of default and default judgment against defendant as part of its entry of judgment on the arbitration award. Plaintiff has, however, waived its right to appeal from that judgment.

Rule 6(b) of the Rules for Court-Ordered Arbitration provides in part: "If the case is not terminated by dismissal or consent judgment, and no party files a demand for trial de novo within 30 days after the award is served, the clerk or the Court shall enter judgment on the award, which shall have the same effect as a consent judgment in the action." The commentary to Rule 6—adopted by the Supreme Court along with the rule—explains that "[a] judgment entered on the arbitrator's award is not appealable because there is no record for review by an appellate court. . . . *By failing to demand a trial de novo the right to appeal is waived.*" N.C.R. Arb. 6 cmt (emphasis added).

This Court has held, in light of this commentary, that the failure to demand a trial de novo constitutes a waiver of the right to appeal. *Taylor v. Cadle*, 130 N.C. App. 449, 453-54, 502 S.E.2d 692, 695 (1998) ("[I]f there is no demand for a trial *de novo* within the prescribed thirty-day time period, then the clerk or the court 'shall enter judg-

ment on the award, which shall have the same effect as a consent judgment in the action.' . . . A failure to demand such a review within thirty days constitutes a waiver of the right to appeal." (quoting N.C.R. Arb. 6(b))).

The commentary to Rule 6 is consistent with the plain language of the rule. N.C.R. Arb. 6(b) states that the trial court's judgment adopting the arbitration award "shall have the same effect as a consent judgment in the action." It is well-established that a consent judgment is not appealable. *See Wachovia Bank & Trust Co. v. Wilder*, 255 N.C. 114, 121, 120 S.E.2d 404, 409 (1961) (holding that defendant "consented to the judgment entered by the court below and is bound thereby"); *King v. Taylor*, 188 N.C. 450, 452, 124 S.E. 751, 751 (1924) (" '[A] [consent] decree or judgment is absolutely conclusive between the parties, and it can neither be amended nor in any way waived without a like consent, nor can it be appealed from or reviewed on a writ of error.' " (quoting 2 R. C. L., p. 31, sec. 9)); *Price v. Dobson*, 141 N.C. App. 131, 134, 539 S.E.2d 334, 336 (2000) ("By joining in a consent order, a party waives his right to appeal from the judgment and leaves the case with no unresolved issue to appeal."); *In re Foreclosure of Williams*, 88 N.C. App. 395, 396, 363 S.E.2d 380, 381 (1988) ("A duly agreed to and entered consent order in a judicial proceeding is a final determination of the rights adjudicated therein and generally is a waiver of a consenting party's right to challenge the adjudication by appealing therefrom.").

Thus, under the Rules for Court-Ordered Arbitration, when plaintiff failed to timely demand a trial de novo after issuance of the arbitration award, the trial court's judgment adopting the arbitration award became, in effect, a consent judgment. As such, plaintiff is precluded under Rule 6 from appealing from the trial court's judgment.

Plaintiff argues, however, that because the trial court had no authority to refer the case to arbitration under the Rules for Court-Ordered Arbitration, those rules are inapplicable, the court had no subject matter jurisdiction, the arbitrator's award is void, and thus "any action by the trial court upholding that void judgment is void." Plaintiff does not contend, however, that the trial court lacked subject matter jurisdiction to adjudicate the claim prior to its being referred to arbitration.

Plaintiff does not explain—nor cite any authority suggesting—how the trial court, which unquestionably had subject matter jurisdiction over the action, subsequently lost jurisdiction. To the

**BROCK & SCOTT HOLDINGS, INC. v. WEST**

contrary, our Supreme Court has explained that " '[j]urisdiction is not a light bulb which can be turned off or on during the course of the trial. Once a court acquires jurisdiction over an action it retains jurisdiction over that action throughout the proceeding.' " *In re Peoples*, 296 N.C. 109, 146, 250 S.E.2d 890, 911 (1978) (quoting *Silver Surprize, Inc. v. Sunshine Mining Co.*, 74 Wash. 2d 519, 523, 445 P.2d 334, 336-37 (1968)), *cert. denied sub nom. Peoples v. Judicial Standards Comm'n of N.C.*, 442 U.S. 929, 61 L. Ed. 2d 297, 99 S. Ct. 2859 (1979).

In any event, plaintiff's subject matter jurisdiction argument presumes that the trial court was divested of authority by failing to follow proper procedure. In fact, the Rules for Court-Ordered Arbitration anticipate what occurred here, and the trial court proceeded in accordance with those rules. The basis of plaintiff's jurisdictional argument is Rule 1(a), which lists the types of actions exempted from arbitration, including those actions "[i]n which the sole claim is an action on an account." N.C.R. Arb. 1(a)(1)(vii). This limitation on arbitration does not, however, necessarily render the Rules of Court-Ordered Arbitration inapplicable to such actions or preclude an arbitrator from entering an award.

Instead, Rule 1(c) specifically governs the situation in which a case exempted from arbitration has nonetheless been referred by the court to arbitration. Rule 1(c) provides: "The Court may exempt or withdraw any action from arbitration on its own motion, or on motion of a party, made not less than 10 days before the arbitration hearing and a showing that: (i) the action is excepted from arbitration under Arb. Rule 1(a)(1) or (ii) there is a compelling reason to do so."

It is implicit in Rule 1(c)—particularly given the rule's 10-day time limitation—that once the trial court has assigned the case to arbitration, participation in the arbitration process is mandatory unless the action is exempted or withdrawn under Rule 1(c). *See Mohamad v. Simmons*, 139 N.C. App. 610, 614, 534 S.E.2d 616, 619 (2000) (reasoning that "both the express and implied bases for the Rules would be subverted, if not completely eviscerated," if parties were permitted to not participate in mandatory arbitration process). *See also Hill v. Bechtel*, 336 N.C. 526, 532, 444 S.E.2d 186, 190 (1994) ("Matters implied by the language of a statute must be given effect to the same extent as matters specifically expressed.").

Consequently, if plaintiff objected to being referred to arbitration, it was required to file a motion for exemption not less than 10 days before the arbitration hearing. Plaintiff cites no authority—and we

have found none—that permitted it to ignore the Notice of Arbitration Hearing and wait until after the arbitration hearing and entry of the arbitration award to file its N.C.R. Civ. P. 60(b) motion contending that its action was exempt from arbitration. Because plaintiff failed to seek relief under Rule 1(c), the trial court properly concluded that plaintiff "waived [its] right to object to the referral of this action to the arbitrator[.]"

In arguing that it was not required to request a trial de novo under Rule 5 of the Rules of Court-Ordered Arbitration, plaintiff further claims that "[i]t would be disingenuous for Plaintiff to object to the Rules the court ha[d] improperly elected, then turn around and select only those Rules that benefit Plaintiff (i.e., Requesting a Trial de Novo)." Since, however, plaintiff failed to file a timely motion under Rule 1(c), it was required to proceed in accordance with Rule 5 and should have moved for a trial de novo under that rule. *See Taylor*, 130 N.C. App. at 453, 502 S.E.2d at 695 ("Rule 5(a) provides that a party who is dissatisfied with an arbitrator's award may appeal for a trial *de novo* with the court within thirty days from the date of the arbitrator's award.").

Further, plaintiff has not identified any prejudice—and we can conceive of none—that would have resulted from its complying with the hardly onerous task of moving for a trial de novo. In any event, once plaintiff failed to file a demand for a trial de novo within 30 days of the issuance of the arbitration award, the trial court was required by N.C.R. Arb. 6(b) to enter judgment on the arbitration award. *Taylor*, 130 N.C. App. at 455, 502 S.E.2d at 696 (holding that under N.C.R. Arb. 6(b), "after thirty days had elapsed, the chief district court judge was required to adopt the arbitrator's award").

Plaintiff insists, however, that Rule 60(b) of the Rules of Civil Procedure was the "appropriate method for challenging the referral and award of the arbitrator." Rule 60(b) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final* judgment, order, or proceeding . . . ." (Emphasis added.) The Supreme Court has observed that "Rule 60(b) . . . has no application to *interlocutory* judgments, orders, or proceedings of the trial court. It only applies, by its express terms, to *final* judgments." *Sink v. Easter*, 288 N.C. 183, 196, 217 S.E.2d 532, 540 (1975). Thus a trial court may not grant relief pursuant to a Rule 60(b) motion when the underlying judgment or order is interlocutory. *See Hooper v. Pizzagalli Constr. Co.*, 112 N.C. App. 400, 408, 436 S.E.2d 145, 151 (1993) (concluding trial court properly denied party's

Rule 60(b) motion where underlying order was interlocutory), *disc. review denied*, 335 N.C. 770, 442 S.E.2d 516 (1994).

Here, plaintiff's motion attempted to set aside and relieve it from the effect of the arbitration award. Plaintiff filed its N.C.R. Civ. P. 60(b) motion prior to the trial court's entering judgment on the arbitration award pursuant to N.C.R. Arb. 6(b). Until the trial court entered judgment on the arbitration award, there was no final judgment of the court from which plaintiff could seek relief. *See Bledsole v. Johnson*, 357 N.C. 133, 140, 579 S.E.2d 379, 383 (2003) ("Nothing in the arbitration rules assures a prevailing party that the arbitration award will become the judgment in the case. The nonprevailing party's right to seek a trial *de novo* is antithetical to such an assumption."). The arbitration award itself was interlocutory and thus could not be set aside pursuant to Rule 60(b). Plaintiff, moreover, did not renew its motion after the judgment was entered on the arbitration award. The trial court, therefore, did not err in denying plaintiff's Rule 60(b) motion.

In sum, plaintiff became bound by the Rules for Court-Ordered Arbitration when it failed to seek relief from the referral under Rule 1(c). Since plaintiff failed to request a trial de novo under N.C.R. Arb. 5(a) following the issuance of the arbitration award, plaintiff is precluded from seeking review on appeal. Accordingly, we dismiss this appeal.

Dismissed.

Judges McGEE and BEASLEY concur.