BROCK AND SCOTT HOLDINGS, INC., Plaintiff,
v.
WAYNE LEE, Defendant.
No. COA09-703.
Court of Appeals of North Carolina.
Filed May 4, 2010.
Richard P. Cook for plaintiff.
No brief for defendant.

UNPUBLISHED OPINION
ELMORE, Judge.
Brock and Scott Holdings, Inc. (plaintiff), appeals from a judgment denying its motion to set aside an arbitration award and dismissing its complaint against Wayne Lee (defendant).
Defendant opened a credit card account with Metric Companies, Inc. Plaintiff ultimately purchased the account and sued defendant for default on 25 October 2007. Defendant sought a jury trial, but the case was assigned to arbitration pursuant to N.C. Gen. Stat. § 7A-37.1. The arbitration notice was sent to both parties, and the hearing date was set for 2:00 p.m. on 6 March 2008. Both parties appeared at the hearing. In its award and judgment, the arbitrator awarded nothing to plaintiff, dismissed the action, and taxed costs to plaintiff. On 14 April 2008, judgment was entered in the Cumberland County District Court adopting the arbitrator's award as a judgment of that court. On 8 July 2008, plaintiff filed a motion to set aside the arbitration award pursuant to Rule 60(b) of our Rules of Civil Procedure.
At the outset, we note that another panel of this Court has already decided a nearly identical appeal by the same plaintiff and that our Supreme Court granted discretionary review of the decision on 28 January 2010. See Brock and Scott Holdings, Inc. v. West, ___ N.C. App. ___, 679 S.E.2d 507 (2009) (dismissing plaintiff's appeal because plaintiff waived its right to appeal). Although the Supreme Court is currently reviewing the decision, we are still bound by it. See In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same Court is bound by that precedent, unless it has been overturned by a higher court.").
In West, we explained:
Under North Carolina Rules for Court-Ordered Arbitration, . . . plaintiff was required to demand a trial de novo under Rule 5 in order to preserve its right to appeal from the judgment entered on the arbitration award. Consequently, because plaintiff failed to request a trial de novo in this case, plaintiff waived its right to appeal from the trial court's judgment.
West, ___ N.C. App. at ___, 679 S.E.2d at 508. In West, we dismissed plaintiff's appeal. Plaintiff now asks us to "overturn" our decision in West, which we cannot do. Here, as in West, plaintiff failed to file a timely written demand for trial de novo, and "[a] failure to demand such a review within thirty days constitutes a waiver of the right to appeal." Taylor v. Cadle, 130 N.C. App. 449, 454, 502 S.E.2d 692, 695 (1998) (citing N.C.R. Arb. 6 cmt. (1998)).
Accordingly, we dismiss plaintiff's appeal.
Dismissed.
Chief Judge MARTIN and Judge GEER concur.
Report per Rule 30(e).