WILLIAM DAVID CARDEN, Plaintiff-Appellant v. OWLE CONSTRUCTION, LLC, Defendant-Appellee

No. COA11-298

(Filed 17 January 2012)

**Native Americans—statutorily prescribed method of removing case from superior court to tribal court—consent order**

The superior court did not err in a negligence case by denying plaintiff's motion to lift a stay based on its determination that the action was no longer pending in superior court. Although there was no statutorily prescribed method for the "removal" of a case from the General Court of Justice of North Carolina to the Tribal Court, the effect of the parties' consent order was "removal," and the parties were bound by the language of the order. Any argument concerning the jurisdiction of the Tribal Court should be raised in that forum.

Appeal by Plaintiff from order entered 16 December 2010 by Judge Shannon R. Joseph in Superior Court, Durham County. Heard in the Court of Appeals 27 September 2011.

*Law Office of Michael W. Patrick, by Michael W. Patrick; and Suzanne Begnoche, for Plaintiff-Appellant.*

*Bryant, Lewis & Lindsley, P.A., by David O. Lewis, for Defendant-Appellee.*

McGEE, Judge.

William David Carden (Plaintiff) was struck by a passing vehicle while standing at a crosswalk at an intersection of U.S. Highway 19, near Harrah's Cherokee Hotel and Casino on the Qualla Boundary. Owle Construction, LLC (Defendant) was carrying out improvements to the curb and sidewalk at that intersection. Plaintiff filed a com-

CARDEN v. OWLE CONSTR., LLC

[218 N.C. App. 179 (2012)]

plaint in Durham County Superior Court (superior court), alleging he was injured as a result of the negligence of Harrah's Operating Company, Inc. and Harrah's N.C. Casino Company, LLC (collectively, Harrah's), as well as the negligence of Defendant.

In a motion dated 12 March 2008, Harrah's and Defendant moved to dismiss Plaintiff's complaint, arguing, *inter alia*, that the Tribal Casino Gaming Enterprise was a necessary party but could not be sued in a North Carolina court because of issues related to sovereign immunity. Harrah's moved, in the alternative, to "remove . . . to the" Cherokee Court of the Eastern Band of Cherokee Indians (the Tribal Court), pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(3). The superior court entered a consent order on 17 April 2008, which contained the following:

### CONCLUSIONS OF LAW

1. The issues in this matter present difficult issues of subject matter jurisdiction that have not been resolved by controlling decisions of the United States Supreme Court and the North Carolina Supreme Court.

2. This court makes no decision at present over whether it has subject matter jurisdiction in this matter.

3. As a matter of comity, . . . Plaintiff should exhaust his remedies before the [Tribal] Court before this court decides the difficult issue of subject matter jurisdiction. The Tribal Casino Gaming Enterprise should be added as party Defendant.

4. Further proceedings in this matter will be stayed in [superior court] pending the outcome of proceedings in the Tribal Court.

5. This matter is properly brought before the [Tribal] Court.

NOW, THEREFORE IT IS ORDERED:

1. That the Tribal Casino Gaming Enterprise is hereby added as party Defendant.

2. That this matter is removed to the [Tribal] Court.

3. That after the Clerk [of superior court] transfers this file to the [Tribal] Court, Plaintiff shall file an Amended Complaint naming the Tribal Casino Gaming Enterprise as party defendant.

A jury trial was conducted before the Tribal Court and after "the longest civil trial in Tribal Court history" resulted in a mistrial on 15

December 2009. The Tribal Court thereafter ordered mediation, which resulted in a settlement of Plaintiff's claims against Harrah's and the Tribal Casino Gaming Enterprise. Plaintiff filed a notice of voluntary dismissal with prejudice on 19 May 2010 in the Tribal Court with respect to his claims against Harrah's and the Tribal Casino Gaming Enterprise.

Thereafter, Plaintiff filed a motion with the Tribal Court asking for an order "staying this case or dismissing it, effectively transferring the case to the Superior Court of Durham County." The record on appeal does not contain a copy of Plaintiff's motion, but does contain the Tribal Court's 2 September 2010 order denying Plaintiff's motion.

Plaintiff filed a motion on 21 October 2010, in Superior Court, Durham County, to "lift the stay" pursuant to N.C. Gen. Stat. § 1-75.12. Prior to the superior court's ruling on Plaintiff's motion to lift the stay, Plaintiff also filed in Tribal Court a voluntary dismissal without prejudice of his claims against Defendant. The superior court entered an order on 16 December 2010, denying Plaintiff's motion to lift the stay, concluding that "[b]ecause . . . [P]laintiff's action was removed to the [Tribal] Court and has been completely dismissed in the [Tribal] Court, no case regarding . . . [P]laintiff's claims in this matter is now open in Durham County Superior Court." Plaintiff appeals the superior court's order denying his motion to lift the stay.

## I. Issue on Appeal

Plaintiff contends the superior court erred by denying his motion to lift the stay based on its erroneous determination that the action was no longer pending in superior court. Plaintiff asserts the superior court incorrectly determined that this case could be "started in the superior court [and then] removed or transferred from the General Court of Justice to the Cherokee Tribal Court[.]"

## II. Standard of Review

A " 'trial court's conclusions of law . . . are fully reviewable on appeal.' " *State v. Robinson*, 187 N.C. App. 795, 797, 653 S.E.2d 889, 891-92 (2007) (citation omitted). " 'Questions of statutory interpretation are questions of law, which are reviewed *de novo* by an appellate court.' " *In re Estate of Bullock*, 188 N.C. App. 518, 521, 655 S.E.2d 869, 871 (2008) (citation omitted).

## III. Discussion

Plaintiff first argues that the superior court erred in determining that the action was no longer pending in superior court because "there is no mechanism in either federal or North Carolina law to 'remove' or transfer a case from a North Carolina court to Tribal Court." Defendant counters that there is only one action involved in the present case and it was filed in Durham County Superior Court, transferred to Tribal Court, and then dismissed. The fundamental issue in this case is whether the underlying civil action between Plaintiff and Defendant, filed originally in Durham County Superior Court, was "transferred" or "removed" from superior court to the Tribal Court or, instead, was simply stayed while the issue was tried in another jurisdiction.

Our review of case law and the North Carolina General Statutes leads us to the conclusion that Plaintiff is correct in his argument that there is no prescribed statutory method for the "removal" of a case from the General Court of Justice of North Carolina to the Tribal Court. This Court has stated the following concerning the Eastern Band of Cherokee:

> The general subject of Indian law is well beyond the scope of this opinion and we confine ourselves to the issue of jurisdiction over civil suits arising on tribal lands. A few, well-established principles of law bear repeating at the outset, beginning with the proposition that federal power to regulate Indian affairs is plenary and supreme. The states generally have only such power over Indian affairs on a reservation as is granted by Congress, while the tribes retain powers inherent to a sovereign state, except as qualified and limited by Congress.
>
> . . . .
>
> Federal recognition of the Eastern Band as an Indian tribe has at least two major implications for the issue of state jurisdiction: (1) the federal government continues to maintain plenary power over the Eastern Band, a fact which strictly limits extensions of state power . . ., and (2) the Eastern Band, like all recognized Indian tribes, possesses the status of a "domestic dependent nation" with certain retained inherent sovereign powers . . . . These two principles also constitute the test for determining the scope of state court jurisdiction over members of an Indian tribe, referred to by some authorities as the infringement-preemption test.

*Wildcatt v. Smith*, 69 N.C. App. 1, 3-6, 316 S.E.2d 870, 873-74 (1984) (citations and footnotes omitted). Further,

> "[t]he status of the tribes has been described as 'an anomalous one and of complex character,' for despite their partial assimilation into American culture, the tribes have retained 'a semi-independent position . . . not as States, not as nations, not as possessed of the full attributes of sovereignty, but as *a separate people, with the power of regulating their internal and social relations,* and thus far not brought under the laws of the Union or of the State within whose limits they reside.' "

*Jackson Co. v. Swayney*, 319 N.C. 52, 55, 352 S.E.2d 413, 415 (1987) (citation omitted).

Thus, the Tribal Court is a "semi-independent" entity. It is neither a division of the General Court of Justice of the State of North Carolina, nor a federal court for which procedures of removal are dictated by the United States Code. An analogue to the relationship between the Tribal Court and a North Carolina state court would be the relationship between a North Carolina state court and a court of another state. For example, if a party files an action in superior court in North Carolina, but the matter is properly a South Carolina action, the proper procedure is not "removal" to South Carolina, but rather for the party to file an action in South Carolina and either dismiss the North Carolina action or move for a stay. *See, e.g. Globe, Inc. v. Spellman*, 45 N.C. App. 618, 625, 263 S.E.2d 859, 864 (1980) ("Therefore, defendant's connection with the State of North Carolina is far too attenuated . . . . We hold that the trial court properly dismissed plaintiff's action for want of personal jurisdiction.").

When a petition for removal from state to federal court is filed, the state court shall not enter any further rulings in a case unless it is remanded by the federal court. *See* N.C. Gen. Stat. § 1A-1, Rule 12(a)(2) (2011) ("Upon the filing in a district court of the United States of a petition for the removal of a civil action or proceeding from a court in this State and the filing of a copy of the petition in the State court, the State court shall proceed no further therein unless and until the case is remanded."). Removal of an action from a state court to a federal court is governed by federal law. The determination of whether a case is removable is a determination left to the federal court. *See* 28 U.S.C. § 1332 and 1441; *Kerley v. Oil Co.*, 224 N.C. 465, 466, 31 S.E.2d 438, 439 (1944) ("Federal Courts have final authority in matters of removal[.]"). We have reviewed the Cherokee Code of the

Eastern Band of the Cherokee Nation, and have found no guidance therein for removal of an action from a state court to Tribal Court. We are cognizant that the parties and courts in the present case had no statutory guidance in dealing with the issues before them. The parties executed a consent order whereby the "matter [was] removed to the [Tribal] Court." Further, the superior court's order contained language indicating that the clerk of Durham County Superior Court "transfer[]" this file to the [Tribal] Court[.]" The consent order contains language concerning both "a stay" and "removal."

Black's Law Dictionary provides the following definition of removal:

> 1. The transfer or moving of a person or thing from one location, position, or residence to another. 2. The transfer of an action from state to federal court.

Black's Law Dictionary 1409 (9th ed. 2009). In several of the Tribal Court's orders that are contained in the record on appeal before this Court, the Tribal Court refers to this case as having been "transferred to the Tribal Court[.]" In light of the facts that the file was indeed transferred to the Tribal Court and that the Tribal Court, in its own orders, referred to the case as having been "transferred," we are persuaded that the effect of the consent order was "removal," notwithstanding the statutory uncertainty in this area.

Thus, the parties consented to the language in the superior court's order "remov[ing]" the case to the Tribal Court and the entire file was transferred to the Tribal Court. "A consent judgment is a contract between the parties entered upon the records of a court of competent jurisdiction with its sanction and approval." *Price v. Dobson*, 141 N.C. App. 131, 134, 539 S.E.2d 334, 336 (2000) " 'The power of a court to sign a consent judgment depends upon the unqualified consent of the parties thereto[.]' " *Id.* (citation omitted). " 'A duly agreed to and entered consent order in a judicial proceeding is a final determination of the rights adjudicated therein and generally is a waiver of a consenting party's right to challenge the adjudication by appealing therefrom.' " *Id.* (citation omitted).

We therefore hold that, in the absence of clear statutory guidance from either the General Assembly or the legislative body of the Eastern Band of Cherokee, the parties in the present case are bound by the language of their consent order. We view the matter as Defendant characterizes it: this was one action, filed in Durham County, and then removed to the Tribal Court. As the action was

**IN RE A.R.P.**

[218 N.C. App. 185 (2012)]

"removed" to Tribal Court and the file was transferred there as well, there was no longer any action pending in Durham County. Thus, the superior court did not err when it concluded: "Because . . . [P]laintiff's action was removed to the [Tribal] Court and has been completely dismissed in the [Tribal] Court, no case regarding . . . [P]laintiff's claims in this matter is now open in Durham County Superior Court." We affirm the superior court's order denying Plaintiff's motion to lift the stay.

Plaintiff also argues that the superior court "should have lifted the order staying the proceedings because in December 2010 no further jurisdiction existed in the Tribal Court for the dispute between Plaintiff and [Defendant]." Any argument concerning the jurisdiction of the Tribal Court would not be a matter for this Court to consider and rule upon. Rather, such issues should be raised before the Tribal Court and the appellate courts of that jurisdiction, as an exercise of "the self-governance of the Eastern Band of Cherokee Indians." *Jackson Co.*, 319 N.C. at 58, 352 S.E.2d at 417.

Affirmed.

Judges ELMORE and HUNTER, JR. concur.