**DBSI SIGNATURE PLACE, LLC, an Idaho LLC, Plaintiff–counter–defendant–Appellant,**

v.

**BL GREENSBORO, L.P., a Texas limited partnership; et al., Defendants–counter–claimants–Appellees.**

No. 08–35024.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2009.

Filed Aug. 26, 2009.

---

Robert B. Burns, Moffatt Thomas Barrett Rock & Fields, Chtd., Boise, ID, for Plaintiff–counter–defendant–Appellant.

Andrew C. Brassey, Esquire, John M. Howell, Esquire, Brassey Wetherell & Crawford, Christopher J. Graham, Esquire, Trout Jones Gledhill Fuhrman, PA, Boise, ID, Frank Gilstrap, Frank Hill, Esquire, Hill Gilstrap, Arlington, TX, for Defendants–counter–claimants–Appellees.

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Before: PREGERSON and BEA, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM **

DBSI Signature Place, LLC (DBSI), appeals the district court's judgment in favor of BL Greensboro, L.P. (Greensboro), following a bench trial of disputes arising from the purchase by DBSI from Greensboro of an office building in North Carolina called Signature Place. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

DBSI contends the district court erred by holding that Greensboro did not breach the implied covenant of good faith and fair dealing in the parties' contract when Greensboro obtained estoppel certificates from Signature Place tenants, because two tenants later sought reimbursement from DBSI for tenant improvements. Greensboro representatives testified that they did not think the estoppel certificates applied to tenant improvements. Further, DBSI did not offer evidence that Greensboro promised to pay for the improvements of the two tenants at issue, since payment was neither due nor asserted to be due at the time of closing. Therefore, the district court did not clearly err when it found that Greensboro acted in good faith with respect to the estoppel certificates. *See L.K. Comstock & Co., Inc. v. United Eng'rs & Constructors, Inc.*, 880 F.2d 219, 221 (9th Cir.1989); *Bledsole v. Johnson*, 357 N.C.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

133, 579 S.E.2d 379, 382 (2003). This factual finding supports the district court's conclusion that Greensboro did not breach the implied covenant of good faith and fair dealing.

The district court also did not err in holding that DBSI breached the contract when it failed to pay Greensboro a proration of operating expenses and taxes for 2004 based on the closing date of the sale: September 30, 2004. Awarding Greensboro a 9/12 prorated share of operating expenses and taxes was a reasonable interpretation of the ambiguous contract provision governing proration. *See Holshouser v. Shaner Hotel Group Props. One Ltd. P'ship*, 134 N.C.App. 391, 518 S.E.2d 17, 23 (1999).

**AFFIRMED.**